**Adriane Elaine OTTO, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–02–00521–CR.

Court of Appeals of Texas, San Antonio.

June 23, 2004.

---

Tex Tonroy, Houston, for appellant.

Kelly Ann Smith, William J. Delmore, III, Asst. Dist. Atty., Houston, for appellee.

Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

## MEMORANDUM OPINION

Opinion by PAUL W. GREEN, Justice.

Appellant Adriene Elaine Otto was charged with felony driving while intoxicated (DWI). Otto pled not guilty to the charge. Following a jury trial, Otto was convicted and sentenced to four years' imprisonment. She now appeals in three issues. All three issues deal with the trial court's charge to the jury.

Because the issues in this appeal involve the application of well-settled principles of law, we affirm Otto's conviction in this memorandum opinion under Tex.R.App. P. 47.1 for the following reasons:

■ 1. In her first issue, Otto contends the trial court erred by submitting a concurrent causation charge to the jury. Specifically, Otto contests the charge because she claims it contradicts the instruction that the jury must find beyond a reasonable doubt that the intoxication was caused solely "by the reason of introduction of alcohol into [her] body." Otto's third issue also deals with the concurrent cause instruction, arguing that the trial court erred by submitting an instruction "that permitted [her] to be convicted on a theory not alleged in the indictment."

In its charge to the jury, the trial court first instructed the jurors that they could convict Otto if they found beyond a reasonable doubt that she had driven or operated a motor vehicle in a public place while intoxicated. The charge went on to define "intoxicated" as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body." In addition, the court included an instruction, at the State's request, on causation pursuant to Texas Penal Code section 6.04. Tex. Penal Code Ann. § 6.04(a) (Vernon 2003). The instruction read as follows:

A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient. Therefore, if you find from the evidence beyond a reasonable doubt that the intoxication of the defendant would not have occurred but for the defendant's conduct, as charged in the indictment, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient, you find the defendant criminally responsible. Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not criminally responsible . . .

Under the Texas Penal Code, an accused can not be held criminally responsible for an offense unless the intoxication would not have occurred but for the accused's actions. Section 6.04(a) states:

A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient. TEX. PENAL CODE ANN. § 6.04(a) (Vernon 2003).

 Under this statute, a "but for" causal connection must be established between the defendant's conduct and the resulting harm. *Id.; Robbins v. State,* 717 S.W.2d 348, 351 (Tex.Crim.App.1986). If a concurrent cause is present, there are two possible ways in which this "but for" requirement may be satisfied: (1) the defendant's conduct may be sufficient, by itself, to have caused the result notwithstanding any concurrent cause; or (2) the defendant's conduct and a concurrent cause together may be sufficient to have caused the result. *Marvis v. State,* 36 S.W.3d 878, 881 (Tex.Crim.App.2001); *Robbins,* 717 S.W.2d at 351. In spite of these possibilities, a jury may not convict a defendant if the concurrent cause alone is clearly sufficient to produce the result *and* the defendant's conduct alone is clearly insufficient. *Robbins,* 717 S.W.2d at 351; *Medina v. State,* 962 S.W.2d 83, 86 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd).

On appeal, Otto argues that the concurrent cause instruction is misleading to the jury and in conflict with the rest of the charge because the instruction permits her to be convicted on a theory not alleged in the indictment, namely on the theory that her intoxication was caused by a combination of drugs and alcohol. In her brief, Otto relies on the Texas Court of Criminal Appeals case, *Rodriguez v. State* to support her argument. 18 S.W.3d 228 (Tex. Crim.App.2000). Her reliance, however, is misplaced.

In *Rodriguez,* a driving while intoxicated case, the defendant testified that he had not been drinking, but that he had been taking flu medication which had made him drowsy. *Id.* at 229. The charge, submitted over Rodriguez's objection, defined "intoxicated" as not having the normal use of mental or physical faculties "by reason of the introduction of alcohol, a drug, or a combination of both . . . into the body." *Id.* The application paragraph of the charge authorized the jury to find Rodriguez guilty if it found him intoxicated "by the reason of the introduction of alcohol into his body" or, separately, "by the reason of the introduction of a combination of unknown drugs and alcohol into his body." *Id.* at 229–30. The appellate court followed the holding in *Sutton v. State,* 899 S.W.2d 682 (Tex.Crim.App.1995), and over-

ruled Rodriguez's first issue which claimed the trial court had erred in submitting an alternative theory of guilt which was not alleged in the indictment. *Rodriguez*, 18 S.W.3d at 230. But the Court of Criminal Appeals reversed, finding the *Rodriguez* charge to differ from the charge in *Sutton* in that the latter allowed a conviction *only* if the jury found the defendant to have been intoxicated with alcohol, whether alone or in combination with a drug that made him more susceptible to the alcohol. *Id.* at 231–32. (emphasis added). The charge in *Rodriguez*, on the other hand, included an element not contained in the indictment: intoxication by a combination of drugs and alcohol. *Id.*

The charge in the present case is more like the charge in *Sutton*. It did not authorize an alternative means of conviction, and it did not offer the jury the option to choose between intoxication by alcohol alone or intoxication by drugs and alcohol. Instead, the instruction added a clarification regarding Otto's culpability, allowing the jury to find her responsible for her actions only if the resultant intoxication "would not have occurred but for [her] conduct," whether taken alone or in conjunction with another cause. The charge also added a defense, mandating that the jury could not convict Otto if her actions, alone, were clearly insufficient to have caused her intoxication and the concurrent cause, alone, was clearly sufficient to have caused it.

Because the concurrent cause instruction was not in conflict with the rest of the charge and because it did not authorize a conviction on an alternate theory not alleged in the indictment, we overrule Otto's first and third issues.

■■■ 2. In Otto's second issue, she contends the trial court erred in failing to submit an instruction on voluntariness to the jury. A defendant is entitled to an affirmative defense instruction on every issue raised by the evidence regardless of whether it is strong, feeble, unimpeached, or contradicted, and even if the trial court is of the opinion that the testimony is not entitled to belief. *Brown v. State*, 955 S.W.2d 276, 279 (Tex.Crim.App.1997). The defendant's testimony alone may be sufficient to raise a defensive theory requiring a charge. *Id.*

■■■ Although Otto does not specifically refer, in her brief, to an instruction on involuntary intoxication as opposed to one on general voluntariness, the crux of her argument is that she was involuntarily drugged by a third party and, as such, should be absolved of culpability. Involuntary intoxication is a defense to criminal culpability. *Torres v. State*, 585 S.W.2d 746, 749 (Tex.Crim.App.1979). The offense of driving while intoxicated does not include as an element a culpable mental state. *Ex parte Ross*, 522 S.W.2d 214, 215–17 (Tex.Crim.App.1975). Therefore, the defense of involuntary intoxication is not relevant to the offense of driving while intoxicated. *Aliff v. State*, 955 S.W.2d 891, 893 (Tex.App.-El Paso 1997, no pet.). We overrule Otto's second issue.

The judgment of the trial court is affirmed.

Dissenting Opinion by KAREN ANGELINI, Justice.

In her third issue, Adriane Elaine Otto argues that the trial court erred in submitting an instruction that allowed Otto to be convicted on a theory not alleged in the indictment. Because I agree with Otto and because I believe that the trial court's error was harmful, I would sustain Otto's third issue, reverse the trial court's judgment, and remand the cause for a new trial. For these reasons, I respectfully dissent.

FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2002, Otto had dinner at a restaurant with some friends. She testified she drank two glasses of wine with dinner. On her way home, she stopped at a sports bar and grill. She had met a man named Phil Jones there the week before and was hoping to meet him again. In fact, he was there that evening. Otto testified that they talked and danced, and although the man was drinking alcohol, she only drank Coke. A little before 1:00 a.m., after going to the restroom, she decided to leave. Because Jones was going to walk her to her van, Otto waited by the door while Jones went to the restroom. Otto began feeling nauseated, as if she was going to be sick. Otto told Jones that she did not feel well. He put his arm around her to walk her out. According to Otto, she started feeling even more sick, numb, and heavy. As she was getting into her van, Jones started to kiss her and tug at her clothes. She yelled for him to stop, and somehow she got him out of her van. She started the van and left. Because she was concerned that Jones might follow her home, she decided to drive to her ex-husband's house. According to Otto, the next thing she remembers is sitting in her van and being awakened by police officers. It was not until the next day that things started coming together, and she began to believe Jones had drugged her by putting something in her Coke at the bar.

Officer John Derrick Jackson ("Jackson") was performing his duties that night as a patrolman in Jersey Village, a small city located in Harris County. At about 1:40 a.m., he observed Otto's van parked in the street with the engine running and the lights on. He approached the vehicle and saw Otto seated in the driver's seat in a slouched position with her shirt off. He smelled alcohol inside the van, but was unable to wake Otto. Officer Jackson called another officer, Corporal Sales, to

help him, and they both tried to wake Otto. They were finally able to awaken her by performing a sternum rub. Otto was confused and cursing. She put her shirt on and produced her identification. The officers asked her to exit the vehicle and submit to field sobriety tests. Corporal Sales performed the Horizontal Gaze Nystagmus test on Otto, but she refused any further sobriety testing. They did observe that she was unsteady on her feet, swaying back and forth. They also smelled alcohol on her breath. She told the officers she had been to dinner with friends and was on her way home. Further, according to the officers, Otto told them she had a lot to drink earlier in the evening. Believing she was intoxicated, they took her into custody.

Otto stipulated to two previous driving while intoxicated convictions, thus enhancing the charge in this case to felony driving while intoxicated.

DISCUSSION

In her third issue on appeal, Otto contends the trial court erred in submitting a jury instruction that permitted Otto to be convicted on a theory not alleged in the indictment. The indictment alleged that Otto operated a motor vehicle in a public place while intoxicated, "namely not having the normal use of [her] mental and physical faculties by the reason of the introduction of alcohol into [her] body." The jury charge included the following instruction:

A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient.

Therefore, if you find from the evidence beyond a reasonable doubt that the in-

toxication of Adriane Elaine Otto would not have occurred but for the defendant's conduct, as charged in the indictment, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to product the result and the conduct of the defendant clearly insufficient, you will find the defendant criminally responsible. Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not criminally responsible and say by your verdict "Not Guilty."

Otto argues this instruction allowed the jury to find her guilty if they found her intoxication was caused by: (1) alcohol consumption (as alleged in the indictment) or (2) alcohol consumption concurrent with the involuntary consumption of an unknown drug (which was not alleged in the indictment). The State, on the other hand, contends that the instruction did not expand on the allegations in the indictment, but simply required the jury to convict only if it found Otto was intoxicated by reason of the introduction of alcohol into her body. The State also emphasizes that the instruction required the jury to acquit Otto if it found her intoxication was caused by the introduction of something other than alcohol.

In overruling this issue, the majority determined that the concurrent cause instruction was not in conflict with the rest of the charge and that it did not authorize a conviction on an alternate theory not alleged in the indictment. In doing so, the majority states that the charge here is like the charge in *Sutton v. State*, 899 S.W.2d 682 (Tex.Crim.App.1995) (plurality op.).

In *Sutton*, 899 S.W.2d at 683, the defendant was charged with driving while intoxicated with alcohol and was found guilty by a jury. He testified that he had drunk two beers in addition to taking a drug pre-scribed by his doctor. *Id.* An expert witness testified that alcohol could enhance the effect of Klonopin, the drug the defendant was taking. *Id.* at 684. The trial court instructed the jury that

if a defendant indulges in the use of Klonopin to such an extent that he thereby makes himself *more susceptible to the influence of alcohol than he otherwise would have been and by reason thereof becomes intoxicated from recent use of alcohol,* he would be in the same position as though his intoxication was produced by the use of alcohol alone.

*Id.* (emphasis in original). Upon his conviction, the defendant appealed contending the charge authorized conviction on a theory not contained in the charging instrument. *Id.* The court of criminal appeals held that the court's charge did not expand on the allegations in the charging instrument, but rather "allowed conviction only if the jury found that [the defendant] had been intoxicated *with alcohol,* either alone or in combination with a drug that made him *more susceptible to the alcohol.*" *Id.* at 685 (emphasis in original). Thus, the court of criminal appeals found no error in the court's charge.

A few years later, the court of criminal appeals decided *Rodriguez v. State*, 18 S.W.3d 228 (Tex.Crim.App.2000). In *Rodriguez*, 18 S.W.3d at 229, the indictment alleged that defendant was driving while intoxicated by alcohol. The defendant testified that he had not been drinking but had taken medication which made him drowsy. *Id.* The court's charge instructed the jury the following:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 15th day of February, 1997, in Harris County, Texas, the defendant, Juan Flores Rodriguez, did then and there unlawfully, while intoxicated, namely not having the normal use of his

244 mental or physical faculties *by reason of the introduction of alcohol into his body,* operate a motor vehicle in a public place; or if you find from the evidence beyond a reasonable doubt that on or about the 15th day of February, 1997, in Harris County, Texas, the defendant, Juan Flores Rodriguez, did then and there unlawfully, while intoxicated, namely not having the normal use of his mental or physical faculties *by reason of the introduction of a combination of unknown drugs and alcohol into his body,* operate a motor vehicle in a public place, then you will find the defendant guilty of driving while intoxicated on or about the 15th day of February, 1997, as charged in the indictment.

*Id.* at 229–30 (emphasis in original). On appeal, the defendant complained that the trial court erred by submitting a theory not alleged in the indictment, allowing conviction based on finding he was intoxicated because he consumed alcohol in combination with an unknown drug. *Id.* at 230. Relying on *Sutton,* the court of appeals affirmed the judgment. *Id.* The court of criminal appeals, however, distinguished *Rodriguez* from *Sutton,* emphasizing that in *Rodriguez,* there was no susceptibility theory before the jury. *Id.* at 232. Because the application paragraph of the charge included an element not contained in the indictment, intoxication by a combination of drugs and alcohol, the instruction improperly expanded on the allegations in the charging instrument and authorized a conviction on a theory not alleged. *Id.* Thus, the court of criminal appeals reversed and remanded to the court of appeals for a harm analysis. *Id.*

Unlike the majority, I believe that the facts here are distinguishable from those in *Sutton.* Here, there was no evidence or argument to support a susceptibility theory. And, like *Rodriguez,* the charge here allowed the jury to convict on a theory not alleged in the indictment-intoxication by a combination of alcohol and drugs. Thus, in my opinion, it was error to submit the instruction to the jury.

I would also find that the trial court's error was harmful. Because Otto objected to the trial court's charge, the court needs only to find "some" harm. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985). In deciding this issue, the court considers: (1) the entire jury charge; (2) the state of evidence, including the contested issues and weight of probative evidence; (3) counsel's argument; and (4) the whole record. *Id.* at 171.

Portions of the jury charge refer to intoxication by alcohol only. The word "intoxication" is defined as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body." The charge further instructs the jury to find Otto guilty if they find from the evidence beyond a reasonable doubt that she "did then and there unlawfully, while intoxicated, namely not having the normal use of [her] mental or physical faculties by the reason of the introduction of alcohol into [her] body, operate a motor vehicle in a public place . . ." This portion of the charge is in accordance with the indictment. The charge, however, also includes the causation instruction quoted above which allows the jury to convict if Otto was driving while intoxicated with alcohol as well as if Otto was driving while intoxicated with a combination of alcohol and a drug.

There was evidence that Otto had been drinking alcohol. However, Otto testified that she believed she had been unwittingly drugged and that drug was the reason she became intoxicated. Although Otto's testimony was merely speculation and was scant evidence that she had been drugged, the State did not argue about whether

there was sufficient evidence that Otto had been drugged. In fact, it was the State that requested the concurrent causation instruction, apparently somewhat concerned about how the jury would react to Otto's testimony. And, in closing argument, the State chose to focus on the concurrent causation instruction. The State argued:

—and I'll read from the second paragraph, "Therefore, if you find from the evidence beyond a reasonable doubt that the intoxication of Adriane Otto would not have occurred but for the defendant's conduct"—that's going to be her driving the vehicle while intoxicated, as charged in the indictment.

We have charged in the indictment that she was intoxicated by the introduction of alcohol into her body. So that is her conduct as charged in the indictment. Driving the vehicle while intoxicated by reason of the introduction of alcohol into her body. Operating alone or concurrently with another cause.

The reason that this paragraph is in here is because of Ms. Otto's testimony. And if you listen to her testimony, she told you that she was driving and she doesn't remember anything. The only reason she might think that she wasn't intoxicated is because she didn't have an accident that night, but the reason she was in the condition she was in was because of some unknown substance that was in her body.

Now, it's in here if you need it. This paragraph is in here if you need it. This paragraph lends no credence to her testimony and this paragraph does not tell you that you have to believe what she was saying, but it's in here in case there's an issue that arises that you might think that there was something else involved besides only alcohol. That's why it's in here, and we need to

be clear about that. It does not lend credence to what she said up there, because when I argue later, I don't believe a word of it, but it's in here if you need it.

Thus, though the indictment alleged Otto was driving while intoxicated by alcohol, the charge allowed the jury to convict her if they found she was intoxicated by a combination of alcohol and drugs. And, considering the entire charge, the state of the evidence, and the focus of the State's closing argument, I would find some harm due to the error in the charge.

## CONCLUSION

Having found harmful error, I would reverse the trial court's judgment and remand the cause for a new trial.