

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1311-06

---

### ADRIANE ELAINE OTTO, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### HARRIS COUNTY

---

**HERVEY, J., delivered the opinion of the Court in which MEYERS, PRICE, JOHNSON, and KEASLER, JJ., joined. WOMACK, J., concurred. COCHRAN, J., filed a dissenting opinion in which HOLCOMB, J., joined. KELLER, P.J., not participating.**

### O P I N I O N

A jury convicted appellant of felony driving while intoxicated. The issue presented in this case is whether a concurrent-causation jury instruction, that defines intoxication as the "introduction of alcohol, operating either alone or concurrently with an unknown drug," is substantively different from a jury instruction, that defines intoxication as the "introduction of a combination of alcohol and an unknown drug." We decide that there is no substantive or legally significant difference between these two charges and that the concurrent-causation jury charge in this case improperly expanded on

the allegations in the indictment.

The indictment alleged that appellant was intoxicated by "not having the normal use of his (sic) mental and physical faculties by the reason of the introduction of alcohol into his (sic) body." The state's evidence in support of this allegation included appellant's refusal to take a breathalyzer test and her statement to the arresting officers that she had had a lot to drink. Appellant testified at trial, however, that she had consumed only a small amount of alcohol (two glasses of wine) during dinner at a restaurant. After dinner, she went to a "sports bar" where she spent the evening drinking only soda with a male friend. Appellant testified that this male friend must have put some unknown drug into her soda without her knowledge. She seemed to suggest that it was only this unknown drug, and not any alcohol, that caused her to be intoxicated.

Tracking the allegations in the indictment, the application paragraph of the jury charge authorized the jury to convict appellant if it found that she was intoxicated "by the reason of the introduction of alcohol into his (sic) body." Pursuant to Section 6.04(a), TEX. PEN. CODE, the state requested and received, over appellant's objection, a concurrent-causation jury instruction stating:

> A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient.
> Therefore, if you find from the evidence beyond a reasonable doubt that the intoxication of Adriane Elaine Otto would not have occurred but for the defendant's conduct, as charged in the indictment, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient, you will find the defendant criminally responsible. Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not criminally responsible and say by your verdict "Not Guilty."[1]

---

[1] The application paragraph of this instruction, therefore, instructed the jury to convict

Appellant objected to this instruction, "because it would let the State argue that a combination of drugs could have caused the intoxication when they pled alcohol only." Appellant further explained that the evidence in this case showed that intoxication was caused by "either alcohol or it was something else, but it wasn't the combination."

> [DEFENSE]: What the evidence in this case is, is that something made [appellant] intoxicated. It was either alcohol or it was something else, but it wasn't the combination. They didn't plead or say anything about the drugs making [appellant] more susceptible to the intoxication of alcohol, which is what I read that as saying, and this is different. This seems to me like an intervening cause rather than a combination of something between the alcohol and the drugs.

In overruling appellant's objection to the concurrent-causation instruction, the trial court apparently concluded that this instruction would not authorize the jury to find intoxication based on a combination of alcohol and drugs.

> [THE COURT]: No. What this says is that unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant are (sic) clearly insufficient, the concurrent cause to me is the allegation.
>
> [DEFENSE]: To the drug, whatever it was.
>
> [THE COURT]: The drug, whatever the drug was, and unless that was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient, the conduct of the defendant being the two alcoholic beverages.
>
> [DEFENSE]: The wine, yes, sir.
>
> [THE COURT]: Then I am telling them that you will find the defendant criminally responsible.
>
> [DEFENSE]: Yes, sir.

---

appellant if it found that her intoxication was caused by her ingestion of alcohol ("as charged in the indictment"), operating either alone or concurrently with her ingestion of the unknown drug. This application paragraph further instructed the jury not to convict appellant if it found that her ingestion of alcohol was "clearly insufficient" to cause her intoxication.

[THE COURT]: Unless you so find, in other words, if you find that the drug was the cause clearly and the alcohol was not, then you will acquit her and say by your verdict not guilty.

After this, there was further discussion about the concurrent-causation jury instruction, during which the state apparently took the position that this instruction would authorize the jury to find intoxication based on "[a]lcohol, operating either alone or concurrently with another cause."

[STATE]: Causation says essentially that in this case, that if alcohol or alcohol and something else–let me read this to make sure I get it straight here. Alcohol, operating either alone or concurrently with another cause unless the other cause is clearly insufficient. Nowhere does causation say that alcohol has to be the predominant. It doesn't say it has to be the majority. It just has to say alcohol or alcohol and something else, as long as it is part of –

* * *

[STATE]: You're saying if the drug was clearly sufficient to produce the result and the alcohol was clearly insufficient?

[THE COURT]: To cause the result.

[STATE]: Then it's not guilty.

[THE COURT]: The verdict should be not guilty.

[STATE]: Exactly. The law doesn't specify as to how much the conduct along with the concurrent conduct has to be, whether it's 50, 51 percent. It doesn't say alcohol has to be the predominant. It just says it has to be a cause, unless it is clearly insufficient. If it is clearly insufficient, then we lose, but it doesn't say it has to be 30 percent or 50 percent or 51 percent. Do you see what I'm saying there, Judge? It doesn't set out that it has to be the predominant cause. It just says if it is clearly insufficient.

During its closing jury argument, the state argued that the concurrent-causation instruction permitted the jury to convict appellant if it found that she was intoxicated "by reason of the introduction of alcohol into her body" either "[o]perating alone or concurrently with another cause." The state further argued that "the only way" the jury could acquit appellant was that if it believed that only the unknown drug caused her intoxication.

[STATE]: Another thing I want to talk to you about is on page 3 of the charge, and it's this paragraph that talks about–and you probably heard the Judge read it when you were wondering what was going on–and I'll read from the second paragraph, "Therefore, if you find from the evidence beyond a reasonable doubt that the intoxication of Adriane Otto would not have occurred but for the defendant's conduct"–that's going to be her driving the vehicle while intoxicated, as charged in the indictment.

We have charged in the indictment that she was intoxicated by the introduction of alcohol into her body. So that is her conduct as charged in the indictment. **Driving the vehicle while intoxicated by reason of the introduction of alcohol into her body. Operating alone or concurrently with another cause.**

The reason that this paragraph is in here is because of Ms. Otto's testimony. And if you listen to her testimony, she told you that she was driving and she doesn't remember anything. The only reason she might think that she wasn't intoxicated is because she didn't have an accident that night, but the reason she was in the condition she was in was because of some unknown substance that was in her body.

Now, it's in here if you need it. This paragraph is in here if you need it. This paragraph lends no credence to her testimony and this paragraph does not tell you that you have to believe what she was saying, **but it's in here in case there's an issue that arises that you might think that there was something else involved besides only alcohol**. That's why it's in here, and we need to be clear about that. It does not lend credence to what she said up there, because when I argue later, I don't believe a word of it, but it's here if you need it.

And what this paragraph also tells you is that in order to find her not guilty, you have to find that the conduct of the defendant, which is the driving while intoxicated by reason of the introduction of alcohol, was clearly insufficient. And by clearly insufficient means that it played no cause. That if you believe her, that all she had that night–

\* \* \*

That if you believe her, that all she had that night was two classes (sic) of wine and you believe that that was clearly insufficient because you believed her story, that she had been slipped a mickey that night, that is the only way that you can find her not guilty.

(Emphasis supplied).

The defense also expressed a belief that the concurrent-causation instruction permitted the

jury to convict appellant if the jury believed that "alcohol was in any way responsible for her

intoxication."

> [DEFENSE]: Well, ladies and gentlemen, I'm having an awfully hard time with this, because the indictment charged that the State had to prove beyond a reasonable doubt that Adriane Otto was intoxicated by the introduction of alcohol into her system and they put on evidence about what they think was the cause of the intoxication and we put on evidence about that (sic) we think the cause of the intoxication was an involuntary–some kind of drug got in her system and that was the reason she was not able to drive with the use of her normal mental and physical faculties, and that's the reason she was passed out in front of her ex-husband's house in Jersey Village when the police found her.
>
> **Now, if I read this clause, this extra charge that has been included in the jury charge, it sounds like if you find that the alcohol was in any way responsible for her intoxication, then she is guilty**. That you have got to find that the drugs are virtually the sole reason for her intoxication before you can find her guilty.
>
> Now, if that's the case, I don't believe they have proved beyond a reasonable doubt that she was intoxicated by the introduction of alcohol into her system. And I'm not real sure exactly what this particular part of the charge says, but let me proceed with my original closing argument.

(Emphasis supplied).

The court of appeals initially decided that the concurrent-causation instruction did not improperly expand on the allegations in the indictment. *See Otto v. State*, 141 S.W.3d 238, 239-41 (Tex.App.–San Antonio 2004). On discretionary review, we remanded the case to the court of appeal to reconsider its decision in light of our decision in *Gray v. State*, 152 S.W.3d 125 (Tex.Cr.App. 2004). On remand, the court of appeals decided that the concurrent-causation instruction improperly expanded on the allegations in the indictment and thus allowed a "conviction on a theory not previously alleged." *See Otto v. State*, 211 S.W.3d 359, 362-63 (Tex.App–San Antonio 2006). We granted review to decide whether this instruction improperly expanded on the allegations in the indictment.

In cases like this, in which the state alleges intoxication by alcohol alone and the defense

claims it should win because the defendant ingested other intoxicating substances,[2] our case law establishes that a charge improperly expands on the allegations in the indictment when the charge defines intoxication in terms of whether "the defendant was intoxicated by a combination of unknown drugs and alcohol." *See Gray*, 152 S.W.3d at 130.[3] A charge does not, in these types of cases, improperly expand on the allegations in the indictment when the charge defines intoxication in terms of whether "the defendant [was] intoxicated with alcohol, either alone or in combination with a drug that made him more susceptible to alcohol." *See id*.[4] This latter charge is commonly referred to as a "synergistic effect" or "susceptibility" charge. *See Gray*, 152 S.W.3d at 128. Our decision in *Gray* can be read as approving of the statement that the "combination of liquor and drugs which would make an individual more susceptible to the influence of the liquor is in effect equivalent to intoxication by liquor alone." *See id*. (quoting *Heard v. State*, 665 S.W.2d 488, 490 (Tex.Cr.App. 1984)).

---

[2]

*See Gray*, 152 S.W.3d at 132 (noting that it is an abuse of the criminal justice system to permit a defendant to "secure an acquittal merely by proving an alternative intoxicant") and at 136 (Cochran, J., dissenting) (referring to this abuse of the criminal justice system as "Dickensian hair-splitting").

[3]

*See also Rodriguez v. State*, 18 S.W.3d 228, 229-32 (Tex.Cr.App. 2000) (charge improperly expands allegations in charging instrument alleging intoxication by alcohol alone, when the charge defines intoxication as "introduction of alcohol, a drug, or a combination of both of those substances, into the body" and the application paragraph authorizes conviction if jury finds that defendant was intoxicated " by the reason of the introduction of a combination of unknown drugs and alcohol into his body").

[4]

*See also Sutton v. State*, 899 S.W.2d 682, 685 (Tex.Cr.App. 1995) (plurality op.) (charge does not improperly expand allegations in charging instrument when it defines intoxication as introduction of "alcohol, either alone or in combination with a drug that ma[k]e[s] [the defendant] more susceptible to the alcohol").

The court of appeals decided that the concurrent-causation instruction improperly expanded on the allegations in the indictment because this instruction authorized a conviction under a "combination" theory. The court of appeals decided:

> Unlike *Sutton* and *Gray* the jury charge did not include a susceptibility theory. In *Gray* and *Sutton*, the jury charge permitted conviction if the ingestion of drugs made the defendant more susceptible to being intoxicated by the charged intoxicant–alcohol. Here, the jury charge and instructions authorized the jury to find Otto guilty if it found her intoxicated by reason of (1) the introduction of alcohol into her body, the charged intoxicant, or (2) by the introduction of unknown drugs concurrently with alcohol–a combination theory. A jury's finding that Otto was intoxicated by reason of introduction of unknown drugs concurrently with alcohol does not mean–like in *Sutton* and *Gray*–that the jury found Otto intoxicated by alcohol alone. *Gray*, 152 S.W.3d at 133 (stating "[i]n both this case and in *Sutton*, the charge permitted conviction only if the drugs made the defendant more susceptible to the alcohol"). Much like in *Rodriguez*, *Gray* and *Sutton* are distinguishable in that the jury charge expands on the allegations set forth in the charging instrument. *See id*. ("The charge in *Rodriguez* did not put forth an 'additional susceptibility theory,' to the jury. It therefore 'improperly expanded on the allegations set forth in the information . . . .'").

*Otto*, 211 S.W.3d at 362-63.

We also believe that the concurrent-causation instruction, especially when considered with the state's closing jury arguments and its position at the charge conference, authorized appellant's conviction under a "combination" theory. *See Gray*, 152 S.W.3d at 130; *Otto*, 141 S.W.3d at 241-45 (Angelini, J., dissenting).[5] While this instruction was responsive to the defensive theory that

---

[5] The state seems to concede as much in its brief where it argues:

> **While it is true that the instruction authorized [appellant's] conviction on a combination theory**, it only did so if alcohol was a "but for" cause of her intoxication. Moreover, the instruction forbade the jury to convict [appellant] if the combination of Rohypnol or another drug and alcohol was such that the effect of alcohol, standing alone, was insufficient to cause her intoxication.

(Emphasis supplied).

appellant's intoxication was caused solely by an unknown drug, it still authorized the jury to convict if it rejected this theory but still found that appellant's intoxication was caused by a combination of alcohol and the unknown drug.[6] Nothing in this instruction or any other part of the charge authorized the jury to convict appellant upon a finding that a combination of alcohol and the unknown drug made appellant more susceptible to the alcohol as required by *Gray*, 152 S.W.3d at 130. We, therefore, decide that this instruction improperly expanded on the allegations in the indictment. *See id*.

The dissenting opinion claims that the concurrent-causation instruction was proper because it contains a "but-for" limitation, meaning that the jury could not have convicted appellant unless it found that she would not have become intoxicated "but-for" the ingestion of alcohol. *See* Dissenting op. at 8.[7] The dissenting opinion further claims that the "but-for" limitation in the concurrent-causation instruction distinguishes this case from our "combination" instruction cases such as *Rodriguez*, because a "combination" instruction does not contain a "but-for" limitation. *See* Dissenting op. at 8 ("combination" instruction is improper because it does not include any "but-for"

---

[6]

We agree with the state that the concurrent causation instruction was responsive to appellant's defense "that, if she had been intoxicated, only the drug she unknowingly ingested–not alcohol–caused her intoxication." This defense, however, could have been presented in the charge without also authorizing the jury to convict on a "combination" theory.

[7]

The dissenting opinion further claims that the "synergistic effect" and "susceptibility" instructions also implicitly contain this "but-for" limitation. *See id*. We agree that all three of these instructions (the concurrent-causation, the synergistic effect, and the susceptibility instructions) would not permit a jury to convict in cases like this without finding that the defendant would not have become intoxicated "but-for" the ingestion of alcohol.

limitation).[8]

This, however, is beside the point. Even though the concurrent-causation instruction in this case contains a "but-for" limitation and would not authorize a conviction if the jury found that the wine appellant drank was clearly insufficient to cause her intoxication, this concurrent-causation instruction also authorized the jury to convict if it found that appellant's intoxication was caused by appellant's ingestion of alcohol "operating either alone or concurrently with another cause."[9] This, and not any "but-for" considerations, is what brings this case within the "combination" instruction

---

[8]

According to the dissenting opinion, a "combination" instruction does not contain a "but-for" limitation and is, therefore, improper, because a jury could improperly find that a combination of alcohol (when the State alleged alcohol) and an unknown drug caused intoxication even though the alcohol was clearly insufficient by itself to cause intoxication. *See* Dissenting op. at 8. It is not apparent to us that a jury can make such a finding under a "combination" portion of an instruction that defines intoxication as the "introduction of alcohol, a drug, or a combination of both of those substances, into the body." *See Rodriguez*, 18 S.W.3d at 229-32. Contrary to the claim made in the dissenting opinion, the "combination" portion of this instruction (defining intoxication as "a combination of both of those substances") seems also to contain an implicit "but-for" limitation (i.e., this "combination" instruction would not authorize a jury to convict if the jury believed that the alcohol was clearly insufficient by itself to cause intoxication).

An instruction like the one in *Rodriguez* might authorize a conviction even though the alcohol was clearly insufficient by itself to cause intoxication. But it is the "introduction of alcohol, a drug" portion of the charge that would accomplish this, not the "combination of both of those substances" portion of the charge.

[9]

In relevant part, the concurrent-causation instruction in this case instructed the jury to convict if it found that "the intoxication of [appellant] would not have occurred but for [appellant's] conduct, as charged in the indictment, operating either alone or concurrently with another cause[.]" As applied to this case, this instructed the jury to convict appellant if her intoxication would not have occurred but for the introduction of "alcohol, operating either alone or concurrently with another drug." *See also* Footnote 1. There is no substantive difference between this instruction and the one in *Rodriguez* that defined intoxication as the introduction of a "combination of both [alcohol and a drug]."

cases such as *Rodriguez*.[10]  The dissenting opinion seems to recognize as much when it asserts that, as the "concurrent causation (sic) instruction was applied to this case," the State could have proved that "alcohol plus something else–anything else-working together[11] caused [appellant's] intoxication."  *See* Dissenting op. at 7; *compare Rodriguez*, 18 S.W.3d at 229-32 (jury instruction is improper "combination" instruction and improperly expands indictment allegation of intoxication by alcohol by defining intoxication as the "introduction of alcohol, a drug, or a combination of both of those substances, into the body").[12]

The judgment of the court of appeals is affirmed.

Hervey, J.

Delivered: February 6, 2008
Publish

---

[10]

The record of the charge conference and the closing jury arguments also reflects that this is how the parties viewed the concurrent-causation instruction as well.

[11]

We note that the phrase "working together" is arguably synonymous with "combine" or "combination."  *See* Roget's Desk Thesaurus at 98 (2001) ("bring together" and "put together" are synonymous with "combine").

[12]

The jury could have given effect to appellant's defense in the application paragraph of that part of the charge authorizing the jury to convict appellant if it found that she was intoxicated "by the reason of the introduction of alcohol into his (sic) body."  A concurrent-causation instruction was not even necessary to present the defense that something else, and not the alcohol, caused appellant's intoxication.  In addition, with DWI not being a result-oriented offense, a concurrent-causation instruction arguably is not even appropriate to the issue of what causes a person's intoxication, as explained in footnote 13 of the dissenting opinion.  *See* Dissenting op. at 7 n.13.  It, therefore, would further appear that the State improperly expanded the allegations in the indictment when it requested and received an instruction that was not even appropriate for the case.