IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1311-06






ADRIANE ELAINE OTTO, Appellant


 

v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


HARRIS COUNTY





 Hervey, J., delivered the opinion of the Court in which Meyers, Price, Johnson,
and Keasler, JJ., joined. Womack, J., concurred. Cochran, J., filed a dissenting opinion
in which Holcomb, J., joined. Keller, P.J., not participating.


O P I N I O N
 A jury convicted appellant of felony driving while intoxicated. The issue presented in this
case is whether a concurrent-causation jury instruction, that defines intoxication as the "introduction
of alcohol, operating either alone or concurrently with an unknown drug," is substantively different
from a jury instruction, that defines intoxication as the "introduction of a combination of alcohol and
an unknown drug." We decide that there is no substantive or legally significant difference between
these two charges and that the concurrent-causation jury charge in this case improperly expanded on
the allegations in the indictment.

 The indictment alleged that appellant was intoxicated by "not having the normal use of his
(sic) mental and physical faculties by the reason of the introduction of alcohol into his (sic) body." 
The state's evidence in support of this allegation included appellant's refusal to take a breathalyzer
test and her statement to the arresting officers that she had had a lot to drink. Appellant testified at
trial, however, that she had consumed only a small amount of alcohol (two glasses of wine) during
dinner at a restaurant. After dinner, she went to a "sports bar" where she spent the evening drinking
only soda with a male friend. Appellant testified that this male friend must have put some unknown
drug into her soda without her knowledge. She seemed to suggest that it was only this unknown
drug, and not any alcohol, that caused her to be intoxicated.

 Tracking the allegations in the indictment, the application paragraph of the jury charge
authorized the jury to convict appellant if it found that she was intoxicated "by the reason of the
introduction of alcohol into his (sic) body." Pursuant to Section 6.04(a), Tex. Pen. Code, the state
requested and received, over appellant's objection, a concurrent-causation jury instruction stating:

 A person is criminally responsible if the result would not have occurred but
for his conduct, operating either alone or concurrently with another cause, unless the
concurrent cause was clearly sufficient to produce the result and the conduct of the
defendant clearly insufficient.

 Therefore, if you find from the evidence beyond a reasonable doubt that the
intoxication of Adriane Elaine Otto would not have occurred but for the defendant's
conduct, as charged in the indictment, operating either alone or concurrently with
another cause, unless the concurrent cause was clearly sufficient to produce the result
and the conduct of the defendant clearly insufficient, you will find the defendant
criminally responsible. Unless you so find beyond a reasonable doubt, or if you have
a reasonable doubt thereof, you will find the defendant not criminally responsible and
say by your verdict "Not Guilty." (1)


 Appellant objected to this instruction, "because it would let the State argue that a
combination of drugs could have caused the intoxication when they pled alcohol only." Appellant
further explained that the evidence in this case showed that intoxication was caused by "either
alcohol or it was something else, but it wasn't the combination."

 [DEFENSE]: What the evidence in this case is, is that something made [appellant]
intoxicated. It was either alcohol or it was something else, but it wasn't the
combination. They didn't plead or say anything about the drugs making [appellant]
more susceptible to the intoxication of alcohol, which is what I read that as saying,
and this is different. This seems to me like an intervening cause rather than a
combination of something between the alcohol and the drugs.

 

 In overruling appellant's objection to the concurrent-causation instruction, the trial court
apparently concluded that this instruction would not authorize the jury to find intoxication based on
a combination of alcohol and drugs.

 [THE COURT]: No. What this says is that unless the concurrent cause was clearly
sufficient to produce the result and the conduct of the defendant are (sic) clearly
insufficient, the concurrent cause to me is the allegation.


 [DEFENSE]: To the drug, whatever it was.


 [THE COURT]: The drug, whatever the drug was, and unless that was clearly
sufficient to produce the result and the conduct of the defendant clearly insufficient,
the conduct of the defendant being the two alcoholic beverages.


 [DEFENSE]: The wine, yes, sir.

 

 [THE COURT]: Then I am telling them that you will find the defendant criminally
responsible.


 [DEFENSE]: Yes, sir.


 [THE COURT]: Unless you so find, in other words, if you find that the drug was the
cause clearly and the alcohol was not, then you will acquit her and say by your
verdict not guilty.


 After this, there was further discussion about the concurrent-causation jury instruction, during
which the state apparently took the position that this instruction would authorize the jury to find
intoxication based on "[a]lcohol, operating either alone or concurrently with another cause."

 [STATE]: Causation says essentially that in this case, that if alcohol or alcohol and
something else-let me read this to make sure I get it straight here. Alcohol, operating
either alone or concurrently with another cause unless the other cause is clearly
insufficient. Nowhere does causation say that alcohol has to be the predominant. It
doesn't say it has to be the majority. It just has to say alcohol or alcohol and
something else, as long as it is part of -

* * *

 [STATE]: You're saying if the drug was clearly sufficient to produce the result and
the alcohol was clearly insufficient?


 [THE COURT]: To cause the result.


 [STATE]: Then it's not guilty.


 [THE COURT]: The verdict should be not guilty.


 [STATE]: Exactly. The law doesn't specify as to how much the conduct along with
the concurrent conduct has to be, whether it's 50, 51 percent. It doesn't say alcohol
has to be the predominant. It just says it has to be a cause, unless it is clearly
insufficient. If it is clearly insufficient, then we lose, but it doesn't say it has to be
30 percent or 50 percent or 51 percent. Do you see what I'm saying there, Judge? 
It doesn't set out that it has to be the predominant cause. It just says if it is clearly
insufficient.


 During its closing jury argument, the state argued that the concurrent-causation instruction
permitted the jury to convict appellant if it found that she was intoxicated "by reason of the
introduction of alcohol into her body" either "[o]perating alone or concurrently with another cause." 
The state further argued that "the only way" the jury could acquit appellant was that if it believed that
only the unknown drug caused her intoxication.

 [STATE]: Another thing I want to talk to you about is on page 3 of the charge, and
it's this paragraph that talks about-and you probably heard the Judge read it when
you were wondering what was going on-and I'll read from the second paragraph,
"Therefore, if you find from the evidence beyond a reasonable doubt that the
intoxication of Adriane Otto would not have occurred but for the defendant's
conduct"-that's going to be her driving the vehicle while intoxicated, as charged in
the indictment.


 We have charged in the indictment that she was intoxicated by the introduction of
alcohol into her body. So that is her conduct as charged in the indictment. Driving
the vehicle while intoxicated by reason of the introduction of alcohol into her
body. Operating alone or concurrently with another cause.


 The reason that this paragraph is in here is because of Ms. Otto's testimony. And if
you listen to her testimony, she told you that she was driving and she doesn't
remember anything. The only reason she might think that she wasn't intoxicated is
because she didn't have an accident that night, but the reason she was in the
condition she was in was because of some unknown substance that was in her body.


 Now, it's in here if you need it. This paragraph is in here if you need it. This
paragraph lends no credence to her testimony and this paragraph does not tell you
that you have to believe what she was saying, but it's in here in case there's an
issue that arises that you might think that there was something else involved
besides only alcohol. That's why it's in here, and we need to be clear about that. 
It does not lend credence to what she said up there, because when I argue later, I
don't believe a word of it, but it's here if you need it.


 And what this paragraph also tells you is that in order to find her not guilty, you have
to find that the conduct of the defendant, which is the driving while intoxicated by
reason of the introduction of alcohol, was clearly insufficient. And by clearly
insufficient means that it played no cause. That if you believe her, that all she had
that night-

* * *

 That if you believe her, that all she had that night was two classes (sic) of wine and
you believe that that was clearly insufficient because you believed her story, that she
had been slipped a mickey that night, that is the only way that you can find her not
guilty.


(Emphasis supplied).


 The defense also expressed a belief that the concurrent-causation instruction permitted the
jury to convict appellant if the jury believed that "alcohol was in any way responsible for her
intoxication."

 [DEFENSE]: Well, ladies and gentlemen, I'm having an awfully hard time with this,
because the indictment charged that the State had to prove beyond a reasonable doubt
that Adriane Otto was intoxicated by the introduction of alcohol into her system and
they put on evidence about what they think was the cause of the intoxication and we
put on evidence about that (sic) we think the cause of the intoxication was an
involuntary-some kind of drug got in her system and that was the reason she was not
able to drive with the use of her normal mental and physical faculties, and that's the
reason she was passed out in front of her ex-husband's house in Jersey Village when
the police found her.


 Now, if I read this clause, this extra charge that has been included in the jury
charge, it sounds like if you find that the alcohol was in any way responsible for
her intoxication, then she is guilty. That you have got to find that the drugs are
virtually the sole reason for her intoxication before you can find her guilty.


 Now, if that's the case, I don't believe they have proved beyond a reasonable doubt
that she was intoxicated by the introduction of alcohol into her system. And I'm not
real sure exactly what this particular part of the charge says, but let me proceed with
my original closing argument.


(Emphasis supplied).

 The court of appeals initially decided that the concurrent-causation instruction did not
improperly expand on the allegations in the indictment. See Otto v. State, 141 S.W.3d 238, 239-41
(Tex.App.-San Antonio 2004). On discretionary review, we remanded the case to the court of
appeal to reconsider its decision in light of our decision in Gray v. State, 152 S.W.3d 125
(Tex.Cr.App. 2004). On remand, the court of appeals decided that the concurrent-causation
instruction improperly expanded on the allegations in the indictment and thus allowed a "conviction
on a theory not previously alleged." See Otto v. State, 211 S.W.3d 359, 362-63 (Tex.App-San
Antonio 2006). We granted review to decide whether this instruction improperly expanded on the
allegations in the indictment.

 In cases like this, in which the state alleges intoxication by alcohol alone and the defense
claims it should win because the defendant ingested other intoxicating substances, (2) our case law
establishes that a charge improperly expands on the allegations in the indictment when the charge
defines intoxication in terms of whether "the defendant was intoxicated by a combination of
unknown drugs and alcohol." See Gray, 152 S.W.3d at 130. (3) A charge does not, in these types of
cases, improperly expand on the allegations in the indictment when the charge defines intoxication
in terms of whether "the defendant [was] intoxicated with alcohol, either alone or in combination
with a drug that made him more susceptible to alcohol." See id. (4) This latter charge is commonly
referred to as a "synergistic effect" or "susceptibility" charge. See Gray, 152 S.W.3d at 128. Our
decision in Gray can be read as approving of the statement that the "combination of liquor and drugs
which would make an individual more susceptible to the influence of the liquor is in effect
equivalent to intoxication by liquor alone." See id. (quoting Heard v. State, 665 S.W.2d 488, 490
(Tex.Cr.App. 1984)).

 The court of appeals decided that the concurrent-causation instruction improperly expanded
on the allegations in the indictment because this instruction authorized a conviction under a
"combination" theory. The court of appeals decided:

 Unlike Sutton and Gray the jury charge did not include a susceptibility theory. In
Gray and Sutton, the jury charge permitted conviction if the ingestion of drugs made
the defendant more susceptible to being intoxicated by the charged
intoxicant-alcohol. Here, the jury charge and instructions authorized the jury to find
Otto guilty if it found her intoxicated by reason of (1) the introduction of alcohol into
her body, the charged intoxicant, or (2) by the introduction of unknown drugs
concurrently with alcohol-a combination theory. A jury's finding that Otto was
intoxicated by reason of introduction of unknown drugs concurrently with alcohol
does not mean-like in Sutton and Gray-that the jury found Otto intoxicated by
alcohol alone. Gray, 152 S.W.3d at 133 (stating "[i]n both this case and in Sutton,
the charge permitted conviction only if the drugs made the defendant more
susceptible to the alcohol"). Much like in Rodriguez, Gray and Sutton are
distinguishable in that the jury charge expands on the allegations set forth in the
charging instrument. See id. ("The charge in Rodriguez did not put forth an
'additional susceptibility theory,' to the jury. It therefore 'improperly expanded on
the allegations set forth in the information . . . .'").


Otto, 211 S.W.3d at 362-63.


 We also believe that the concurrent-causation instruction, especially when considered with
the state's closing jury arguments and its position at the charge conference, authorized appellant's
conviction under a "combination" theory. See Gray, 152 S.W.3d at 130; Otto, 141 S.W.3d at 241-45
(Angelini, J., dissenting). (5) While this instruction was responsive to the defensive theory that
appellant's intoxication was caused solely by an unknown drug, it still authorized the jury to convict
if it rejected this theory but still found that appellant's intoxication was caused by a combination of
alcohol and the unknown drug. (6) Nothing in this instruction or any other part of the charge authorized
the jury to convict appellant upon a finding that a combination of alcohol and the unknown drug
made appellant more susceptible to the alcohol as required by Gray, 152 S.W.3d at 130. We,
therefore, decide that this instruction improperly expanded on the allegations in the indictment. See
id.

 The dissenting opinion claims that the concurrent-causation instruction was proper because
it contains a "but-for" limitation, meaning that the jury could not have convicted appellant unless
it found that she would not have become intoxicated "but-for" the ingestion of alcohol. See
Dissenting op. at 8. (7) The dissenting opinion further claims that the "but-for" limitation in the
concurrent-causation instruction distinguishes this case from our "combination" instruction cases
such as Rodriguez, because a "combination" instruction does not contain a "but-for" limitation. See
Dissenting op. at 8 ("combination" instruction is improper because it does not include any "but-for"
limitation). (8)

 This, however, is beside the point. Even though the concurrent-causation instruction in this
case contains a "but-for" limitation and would not authorize a conviction if the jury found that the
wine appellant drank was clearly insufficient to cause her intoxication, this concurrent-causation
instruction also authorized the jury to convict if it found that appellant's intoxication was caused by
appellant's ingestion of alcohol "operating either alone or concurrently with another cause." (9) This,
and not any "but-for" considerations, is what brings this case within the "combination" instruction
cases such as Rodriguez. (10) The dissenting opinion seems to recognize as much when it asserts that,
as the "concurrent causation (sic) instruction was applied to this case," the State could have proved
that "alcohol plus something else-anything else-working together (11) caused [appellant's]
intoxication." See Dissenting op. at 7; compare Rodriguez, 18 S.W.3d at 229-32 (jury instruction
is improper "combination" instruction and improperly expands indictment allegation of intoxication
by alcohol by defining intoxication as the "introduction of alcohol, a drug, or a combination of both
of those substances, into the body"). (12)

 The judgment of the court of appeals is affirmed.

 Hervey, J.


Delivered: February 6, 2008

Publish
1. The application paragraph of this instruction, therefore, instructed the jury to convict
appellant if it found that her intoxication was caused by her ingestion of alcohol ("as charged in the
indictment"), operating either alone or concurrently with her ingestion of the unknown drug. This
application paragraph further instructed the jury not to convict appellant if it found that her ingestion
of alcohol was "clearly insufficient" to cause her intoxication. 
2. See Gray, 152 S.W.3d at 132 (noting that it is an abuse of the criminal justice system to
permit a defendant to "secure an acquittal merely by proving an alternative intoxicant") and at 136
(Cochran, J., dissenting) (referring to this abuse of the criminal justice system as "Dickensian hair-splitting").
3. See also Rodriguez v. State, 18 S.W.3d 228, 229-32 (Tex.Cr.App. 2000) (charge improperly
expands allegations in charging instrument alleging intoxication by alcohol alone, when the charge
defines intoxication as "introduction of alcohol, a drug, or a combination of both of those substances,
into the body" and the application paragraph authorizes conviction if jury finds that defendant was
intoxicated " by the reason of the introduction of a combination of unknown drugs and alcohol into
his body").
4. See also Sutton v. State, 899 S.W.2d 682, 685 (Tex.Cr.App. 1995) (plurality op.) (charge
does not improperly expand allegations in charging instrument when it defines intoxication as
introduction of "alcohol, either alone or in combination with a drug that ma[k]e[s] [the defendant]
more susceptible to the alcohol").
5. The state seems to concede as much in its brief where it argues:


 While it is true that the instruction authorized [appellant's] conviction on a
combination theory, it only did so if alcohol was a "but for" cause of her
intoxication. Moreover, the instruction forbade the jury to convict [appellant] if the
combination of Rohypnol or another drug and alcohol was such that the effect of
alcohol, standing alone, was insufficient to cause her intoxication.


(Emphasis supplied).
6. We agree with the state that the concurrent causation instruction was responsive to
appellant's defense "that, if she had been intoxicated, only the drug she unknowingly ingested-not
alcohol-caused her intoxication." This defense, however, could have been presented in the charge
without also authorizing the jury to convict on a "combination" theory.
7. The dissenting opinion further claims that the "synergistic effect" and "susceptibility"
instructions also implicitly contain this "but-for" limitation. See id. We agree that all three of these
instructions (the concurrent-causation, the synergistic effect, and the susceptibility instructions)
would not permit a jury to convict in cases like this without finding that the defendant would not
have become intoxicated "but-for" the ingestion of alcohol.
8. According to the dissenting opinion, a "combination" instruction does not contain a "but-for"
limitation and is, therefore, improper, because a jury could improperly find that a combination of
alcohol (when the State alleged alcohol) and an unknown drug caused intoxication even though the
alcohol was clearly insufficient by itself to cause intoxication. See Dissenting op. at 8. It is not
apparent to us that a jury can make such a finding under a "combination" portion of an instruction
that defines intoxication as the "introduction of alcohol, a drug, or a combination of both of those
substances, into the body." See Rodriguez, 18 S.W.3d at 229-32. Contrary to the claim made in the
dissenting opinion, the "combination" portion of this instruction (defining intoxication as "a
combination of both of those substances") seems also to contain an implicit "but-for" limitation (i.e.,
this "combination" instruction would not authorize a jury to convict if the jury believed that the
alcohol was clearly insufficient by itself to cause intoxication).

 An instruction like the one in Rodriguez might authorize a conviction even though the
alcohol was clearly insufficient by itself to cause intoxication. But it is the "introduction of alcohol, 
a drug" portion of the charge that would accomplish this, not the "combination of both of those
substances" portion of the charge.
9. In relevant part, the concurrent-causation instruction in this case instructed the jury to convict
if it found that "the intoxication of [appellant] would not have occurred but for [appellant's] conduct,
as charged in the indictment, operating either alone or concurrently with another cause[.]" As applied
to this case, this instructed the jury to convict appellant if her intoxication would not have occurred
but for the introduction of "alcohol, operating either alone or concurrently with another drug." See
also Footnote 1. There is no substantive difference between this instruction and the one in
Rodriguez that defined intoxication as the introduction of a "combination of both [alcohol and a
drug]." 
10. The record of the charge conference and the closing jury arguments also reflects that this is
how the parties viewed the concurrent-causation instruction as well.
11. We note that the phrase "working together" is arguably synonymous with "combine" or
"combination." See Roget's Desk Thesaurus at 98 (2001) ("bring together" and "put together" are
synonymous with "combine"). 
12. The jury could have given effect to appellant's defense in the application paragraph of that
part of the charge authorizing the jury to convict appellant if it found that she was intoxicated "by
the reason of the introduction of alcohol into his (sic) body." A concurrent-causation instruction was
not even necessary to present the defense that something else, and not the alcohol, caused appellant's
intoxication. In addition, with DWI not being a result-oriented offense, a concurrent-causation
instruction arguably is not even appropriate to the issue of what causes a person's intoxication, as
explained in footnote 13 of the dissenting opinion. See Dissenting op. at 7 n.13. It, therefore, would
further appear that the State improperly expanded the allegations in the indictment when it requested
and received an instruction that was not even appropriate for the case.