Adriane Elaine OTTO, Appellant,

v.

**The STATE of Texas.**

**No. PD–1397–04.**

Court of Criminal Appeals of Texas.

Sept. 28, 2005.

Donald R. "Tex" Tonroy, Houston, for Appellant.

Kelly Ann Smith, Asst. D.A., Houston, Matthew Paul, State's Attorney, Austin, for State.

### *OPINION*

PER CURIAM.

Adriane Otto was convicted of felony driving while intoxicated and sentenced to four years' imprisonment. Otto appealed her conviction, alleging that the submitted concurrent cause instruction permitted a conviction on a theory not alleged in the indictment, namely, that her intoxication was caused by a combination of drugs and alcohol.

The Court of Appeals disagreed and held that the instruction did not conflict with the remainder of the charge and did not permit a conviction on an alternate theory not included in the indictment.[1]

When the Court of Appeals issued its opinion in this case, it did so without the benefit of this Court's recent opinion in *Gray v. State.*[2] Therefore, we remand for

---

1. *Otto v. State,* 141 S.W.3d 238, 241 (Tex. App.-San Antonio 2004).

2. 152 S.W.3d 125 (Tex.Crim.App.2004).

the Court of Appeals to consider the effect of *Gray,* if any, on its reasoning and analysis in this case.

MEYERS, J., not participating.

COCHRAN, J., filed a concurring opinion.

COCHRAN, J., concurring.

I join in the majority's decision to remand this case to the court of appeals in light of *Gray v. State,* 152 S.W.3d 125 (Tex.Crim.App.2004). I hasten to add, however, that the charge in this case does not suffer from the same defects as those in *Gray.* In that case (1) the application paragraph of the charge permitted conviction for DWI if the jury found that the defendant was intoxicated "by reason of the introduction of alcohol into his body, either alone or in combination with Respiratol, Zoloft, Klonopin and/or Depical," although the defendant was charged only with intoxication by means of alcohol; and (2) the jury charge included a non-statutory jury instruction based upon an appellate presumption concerning the "synergistic effect" of certain drugs taken in combination with alcohol. *Gray,* 152 S.W.3d at 127.

In this case, however, the complained-of jury instruction is a plain-vanilla statutory instruction on concurrent causation as set out in Section 6.04(a) of the Penal Code. The concerns that I expressed in my dissent to *Gray,* 152 S.W.3d at 135–40, do not exist here.