Adriane Elaine OTTO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–02–00521–CR.

Court of Appeals of Texas,
San Antonio.

July 5, 2006.

Discretionary Review Granted
Feb. 14, 2007.

Donald R. "Tex" Tonroy, Houston, for appellant.

Kelly Ann Smith, Asst. Dist. Atty., Houston, for appellee.

Sitting: CATHERINE STONE, Justice, KAREN ANGELINI, Justice, REBECCA SIMMONS, Justice.

## OPINION

Opinion by REBECCA SIMMONS, Justice.

This appeal is on remand from the Texas Court of Criminal Appeals. Adriane Elaine Otto is appealing her conviction of felony driving while intoxicated (DWI). On original submission, we affirmed Otto's conviction. In doing so, we held that the concurrent cause instruction was not in conflict with the rest of the charge and therefore it did not authorize a conviction on an alternate theory and that the trial court did not err in failing to submit an instruction on voluntariness to the jury. The Texas Court of Criminal Appeals remanded the cause to this court for reconsideration in light of its opinion in *Gray v. State*, 152 S.W.3d 125 (Tex.Crim.App. 2004).

Otto challenges her conviction of DWI asserting that the trial court erred by: (1) submitting to the jury the State's requested instruction on concurrent causation, (2) not submitting a jury instruction on voluntariness, and (3) submitting a jury instruction that permitted Otto to be convicted on a theory not alleged in the indictment.

### GRAY AND RODRIGUEZ

In *Gray*, the Texas Court of Criminal Appeals addressed whether "a jury [could] be charged on the synergistic effect of more than one intoxicant if the State had not alleged a 'combination' theory in its indictment?" *Id.* at 129. The State charged Gray with misdemeanor DWI alleging that he " 'did then and there unlawfully while intoxicated, namely not having the normal use of his mental and physical

faculties by the reason of the introduction of ALCOHOL into his body, operate a motor vehicle in a public place.'" *Id.* at 127. At trial, there was testimony that Gray had been prescribed a number of antidepressants during the period of his arrest. The State's chemist testified that these drugs when combined with alcohol can produce a synergistic effect. The chemist further explained that a synergistic effect is when "'two medications interact in an inappropriate way and accelerate the action of one medication.'" *Id.* at 126–27.

The trial court's jury charge stated as follows:

> You are further instructed that if a Defendant indulges in the use of a drug, to wit, Respiratol, Zoloft, Klonopin, and/or Depical, to such an extent that he thereby makes himself more susceptible to the influence of alcohol than he otherwise would have been, and by reason thereof becomes intoxicated from recent use of alcohol, he would be in the same position as though his intoxication was produced by the use of alcohol alone.

The application paragraph instructed the jury to convict if it found that Gray was driving while intoxicated "by reason of the introduction of alcohol into his body, either alone or in combination with Respiratol, Zoloft, Klonopin and/or Depical." *Gray,* 152 S.W.3d at 127.

The jury found Gray guilty of misdemeanor DWI. *Id.* On appeal, in relevant part, Gray claimed that the trial court erred in charging the jury on the synergistic effect of drugs and alcohol because Gray was not prosecuted under a combination theory. *Id.* at 131.

Disavowing previous statements, the *Gray* court concluded that the substance that causes intoxication is not an element of the offense but only an evidentiary matter. *Id.* at 132. Although the court determined that this conclusion disposed of Gray's due process violation it did not refute Gray's argument that the jury charge expanded on the allegations in the State's charging instrument. *Id.*

Essentially, relying on *Sutton v. State,* 899 S.W.2d 682 (Tex.Crim.App.1995) the *Gray* court determined that the jury charge did not expand on the charging instrument because the state of the law is that the combination of alcohol and drugs which would make an individual more susceptible to the influence of the alcohol is in effect equivalent to intoxication by alcohol alone. *Id.* at 133–34. Thus, "[i]t permitted the jury to convict if Gray's drug use made him more susceptible to alcohol, but it still required intoxication due to alcohol." *Id.* at 133.

In comparison the *Gray* court stated that the jury charge was unlike the one in *Rodriguez v. State,* where the jury charge did improperly expand on the allegations in the information and authorized a conviction on a theory not alleged in the charging instrument. *Id.* Rodriguez was similarly charged with DWI and at the time of his arrest stated that he was on "Contac" because he had a fever and the flu. *Rodriguez v. State,* 18 S.W.3d 228, 229 (Tex. Crim.App.2000). The indictment alleged that Rodriguez was intoxicated "'by the reason of the introduction of alcohol into his body.'" *Id.* The application paragraph of the jury charge stated that the jury could find Rodriguez guilty of DWI if they found from the evidence beyond a reasonable doubt that Rodriguez did unlawfully operate a motor vehicle in a public place while intoxicated by the reason of the introduction of (1) alcohol into his body or (2) a combination of unknown drugs and alcohol into his body. *Id.* at 230.

Rodriguez argued that the instruction allowed the jury to find he was intoxicated

by alcohol or by a combination of alcohol and unknown drugs and thus the jury charge expanded on the theory alleged in the indictment. *Id.* at 230. The State argued that without a finding that Rodriguez had been intoxicated with alcohol the charge did not permit a conviction and therefore it was a proper charge in response to the facts of the case. *Id.* at 231. The court distinguished the *Sutton* case, which contained the same jury charge as in *Gray,* stating the jury had to find that the defendant had been intoxicated with alcohol not with the drug because the charge in *Sutton* allowed a conviction only if the jury found that the defendant had been intoxicated with alcohol, either alone or in combination with a drug that made him more susceptible to the alcohol. *Id.* at 231–32.

The *Rodriguez* court concluded that there was no additional susceptibility theory in the jury charge and "[t]herefore, because the instruction ... allowed the jury to convict appellant if it found he was intoxicated by his use of either alcohol alone or by a combination of unknown drugs and alcohol, it improperly expanded on the allegations set forth in the information, and authorized a conviction on a theory not alleged in the charging instrument." *Id.* at 232.

### EXPANSION OF ALLEGATIONS IN CHARGING INSTRUMENT

In her first and third issue, Otto asserts a jury charge error in submitting a concurrent causation charge to the jury. Specifically, in her third issue Otto claims the trial court erred by submitting an instruction that expanded on the allegations in the charging instrument and thus allowed a conviction on a theory not previously alleged. We agree.

In its charge to the jury, the trial court instructed the jurors that they could con-

vict Otto if they found beyond a reasonable doubt that she had driven or operated a motor vehicle in a public place while intoxicated. The charge defined intoxicated as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body." At the State's request, the trial court included an instruction on causation according to Section 6.04 of the Texas Penal Code. TEX. PEN.CODE ANN. § 6.04 (Vernon 2003). The instruction stated:

> A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient. Therefore, if you find from the evidence beyond a reasonable doubt that the intoxication of the defendant would not have occurred but for the defendant's conduct, as charged in the indictment, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient, you will find the defendant criminally responsible. Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not criminally responsible and say by your verdict "Not Guilty."

Unlike *Sutton* and *Gray* the jury charge did not include a susceptibility theory. In *Gray* and *Sutton*, the jury charge permitted conviction if the ingestion of drugs made the defendant more susceptible to being intoxicated by the charged intoxicant—alcohol. Here, the jury charge and instructions authorized the jury to find Otto guilty if it found her intoxicated by reason of (1) the introduction of alcohol into her body, the charged intoxicant, or

(2) by the introduction of unknown drugs concurrently with alcohol—a combination theory. A jury's finding that Otto was intoxicated by reason of introduction of unknown drugs concurrently with alcohol does not mean—like in *Sutton* and *Gray*— that the jury found Otto intoxicated by alcohol alone. *Gray*, 152 S.W.3d at 133 (stating "[i]n both this case and in *Sutton,* the charge permitted conviction only if the drugs made the defendant more susceptible to the alcohol"). Much like in *Rodriguez, Gray* and *Sutton* are distinguishable in that the jury charge expands on the allegations set forth in the charging instrument. *See id.* ("The charge in *Rodriguez* did not put forth an 'additional susceptibility theory,' to the jury. It therefore 'improperly expanded on the allegations set forth in the information....'"). Accordingly, we sustain Otto's third issue.

## HARM ANALYSIS

When, as in this case, the error in the court's charge is the subject of a timely objection, reversal is required if there is any harm to the accused. *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim. App.1986) ("Cases involving preserved charging error will be affirmed only if no harm has occurred."). In determining harm, we must consider the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim. App.1984). After an examination of the record, as required by *Almanza,* we are unable to conclude that the charge error did not harm Otto. *Id.*

Initially, in accordance with the indictment, the jury charge allowed the jury to convict Otto if they found beyond a reasonable doubt that she "did then and there unlawfully, while intoxicated, namely not having the normal use of his mental or physical faculties by the reason of the introduction of alcohol into h[er] body, operate a motor vehicle in a public place...." The concurrent cause instruction within the charge, as discussed above, further allowed the jury to convict Otto if the jury found she was driving while intoxicated with alcohol or with a combination of alcohol and an unknown drug. Contrary to the State's assertion—that the charge only required a finding that Otto was intoxicated by alcohol—the concurrent cause instructions allowed the jury to convict Otto if they found that Otto *consumed* alcohol.

There was evidence that Otto had consumed alcohol and, albeit involuntarily, ingested an unknown drug. Otto testified that she did drink two glasses of wine early that evening. She then drove to a bar and only drank soda. Upon leaving the bar around 1 a.m., Otto began to feel sick and a male individual accompanied her to the parking lot. While in the parking lot, the male individual allegedly assaulted Otto and tore her shirt. Out of concern that the male individual might follow her, she drove to her ex-husband's home. Otto stated that her next memory is being awakened by police officers. Essentially, Otto testified that she was unknowingly drugged and that was the cause of her intoxication.

Officer John Derrick Jackson testified that around 1:40 a.m., he observed Otto's van parked in the street with the engine running and the lights on. He then approached the van and saw Otto slouched over in the driver's seat with her shirt off. Unable to wake Otto, Jackson called Corporal David Sales for assistance. The officers observed that Otto was unsteady on her feet, appeared confused, and was cursing. They also smelled alcohol on her breath and in the van. According to the

officers, Otto stated she had a lot to drink earlier in the evening and refused to submit to sobriety tests except for the Horizontal Gaze Nystagmus. Although this is some evidence of both Otto's intoxication and consumption of alcohol, neither of these issues were contested.

Based on Otto's testimony, the State requested the concurrent causation instruction. In closing the State explained to the jury the reason for the inclusion of the concurrent causation instruction, stating:

> We have charged in the indictment that she was intoxicated by the introduction of alcohol into her body. So that is her conduct as charged in the indictment. Driving the vehicle while intoxicated by reason of the introduction of alcohol into her body. Operating alone or concurrently with another cause. The reason that this paragraph is in here is because of Ms. Otto's testimony.
>
> . . . .
>
> Now, it's in here if you need it. This paragraph is in here if you need it. This paragraph lends no credence to her testimony and this paragraph does not tell you that you have to believe what she was saying, but it's in here in case there's an issue that arises that you might think that there was something else involved besides only alcohol. That's why it's in here, and we need to be clear about that.

With this jury charge, it is possible the jury convicted Otto based on her intoxication by reason of a combination of an unknown drug and alcohol. Notably, with a proper charge, the jury could have chosen to disbelieve Otto's testimony and determine that she was intoxicated on alcohol alone, as the indictment alleged. Considering that the evidence supported the conclusion that Otto was intoxicated on drugs and alcohol, the charge allowed a convic-

tion based on intoxication due to drugs and alcohol, and the State argued to convict Otto if they found her to be intoxicated due to drugs and alcohol, we are unable to conclude that Otto was not harmed by the erroneous charge. *See Rodriguez v. State,* 31 S.W.3d 736, 738 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (holding that the appellant was harmed due to the jury charge allowing a conviction on an alternate theory not found in the indictment—a combination theory of drugs and alcohol). Accordingly, we sustain Otto's third point of error.

### CONCLUSION

We reverse the judgment of the trial court and remand the cause for a new trial.