**Adriane Elaine OTTO, Appellant,**

v.

**The STATE of Texas.**

**No. PD–1311–06.**

Court of Criminal Appeals of Texas.

Feb. 6, 2008.

Rehearing Denied April 23, 2008.

1. Majority Op. at 164.

Donald R. ("Tex") Tonroy, Klein, TX, for Appellant.

Kevin Keating, Asst. Dist. Atty., Houston, Jeffrey L. Van Horn, State's Atty., Austin, for Appellee.

## OPINION

HERVEY, J., delivered the opinion of the Court in which MEYERS, PRICE, JOHNSON, and KEASLER, JJ., joined.

A jury convicted appellant of felony driving while intoxicated. The issue presented in this case is whether a concurrent-causation jury instruction, that defines intoxication as the "introduction of alcohol, operating either alone or concurrently with an unknown drug," is substantively different from a jury instruction, that defines intoxication as the "introduction of a combination of alcohol and an unknown drug." We decide that there is no substantive or legally significant difference between these two charges and that the concurrent-causation jury charge in this case improperly expanded on the allegations in the indictment.

The indictment alleged that appellant was intoxicated by "not having the normal use of his (sic) mental and physical faculties by the reason of the introduction of alcohol into his (sic) body." The state's evidence in support of this allegation included appellant's refusal to take a breathalyzer test and her statement to the arresting officers that she had had a lot to drink. Appellant testified at trial, however, that she had consumed only a small amount of alcohol (two glasses of wine) during dinner at a restaurant. After dinner, she went to a "sports bar" where she spent the evening drinking only soda with a male friend. Appellant testified that this male friend must have put some unknown drug into her soda without her knowledge. She seemed to suggest that it was only this unknown drug, and not any alcohol, that caused her to be intoxicated.

Tracking the allegations in the indictment, the application paragraph of the jury charge authorized the jury to convict appellant if it found that she was intoxicated "by the reason of the introduction of alcohol into his (sic) body." Pursuant to Section 6.04(a), TEX. PEN.CODE, the state requested and received, over appellant's objection, a concurrent-causation jury instruction stating:

A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly suffi-

cient to produce the result and the conduct of the defendant clearly insufficient.

Therefore, if you find from the evidence beyond a reasonable doubt that the intoxication of Adriane Elaine Otto would not have occurred but for the defendant's conduct, as charged in the indictment, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient, you will find the defendant criminally responsible. Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the defendant not criminally responsible and say by your verdict "Not Guilty." [1]

Appellant objected to this instruction, "because it would let the State argue that a combination of drugs could have caused the intoxication when they pled alcohol only." Appellant further explained that the evidence in this case showed that intoxication was caused by "either alcohol or it was something else, but it wasn't the combination."

[DEFENSE]: What the evidence in this case is, is that something made [appellant] intoxicated. It was either alcohol or it was something else, but it wasn't the combination. They didn't plead or say anything about the drugs making [appellant] more susceptible to the intoxication of alcohol, which is what I read that as saying, and this is different. This seems to me like an intervening cause rather than a combination of something between the alcohol and the drugs.

In overruling appellant's objection to the concurrent-causation instruction, the trial court apparently concluded that this instruction would not authorize the jury to find intoxication based on a combination of alcohol and drugs.

[THE COURT]: No. What this says is that unless the concurrent cause was clearly sufficient to produce the result and the conduct of the defendant are (sic) clearly insufficient, the concurrent cause to me is the allegation.

[DEFENSE]: To the drug, whatever it was.

[THE COURT]: The drug, whatever the drug was, and unless that was clearly sufficient to produce the result and the conduct of the defendant clearly insufficient, the conduct of the defendant being the two alcoholic beverages.

[DEFENSE]: The wine, yes, sir.

[THE COURT]: Then I am telling them that you will find the defendant criminally responsible.

[DEFENSE]: Yes, sir.

[THE COURT]: Unless you so find, in other words, if you find that the drug was the cause clearly and the alcohol was not, then you will acquit her and say by your verdict not guilty.

After this, there was further discussion about the concurrent-causation jury instruction, during which the state apparently took the position that this instruction would authorize the jury to find intoxication based on "[a]lcohol, operating either alone or concurrently with another cause."

[STATE]: Causation says essentially that in this case, that if alcohol or alco-

1. The application paragraph of this instruction, therefore, instructed the jury to convict appellant if it found that her intoxication was caused by her ingestion of alcohol ("as charged in the indictment"), operating either alone or concurrently with her ingestion of the unknown drug. This application paragraph further instructed the jury not to convict appellant if it found that her ingestion of alcohol was "clearly insufficient" to cause her intoxication.

hol and something else—let me read this to make sure I get it straight here. Alcohol, operating either alone or concurrently with another cause unless the other cause is clearly insufficient. Nowhere does causation say that alcohol has to be the predominant. It doesn't say it has to be the majority. It just has to say alcohol or alcohol and something else, as long as it is part of—

* * *

[STATE]: You're saying if the drug was clearly sufficient to produce the result and the alcohol was clearly insufficient?

[THE COURT]: To cause the result.

[STATE]: Then it's not guilty.

[THE COURT]: The verdict should be not guilty.

[STATE]: Exactly. The law doesn't specify as to how much the conduct along with the concurrent conduct has to be, whether it's 50, 51 percent. It doesn't say alcohol has to be the predominant. It just says it has to be a cause, unless it is clearly insufficient. If it is clearly insufficient, then we lose, but it doesn't say it has to be 30 percent or 50 percent or 51 percent. Do you see what I'm saying there, Judge? It doesn't set out that it has to be the predominant cause. It just says if it is clearly insufficient.

During its closing jury argument, the state argued that the concurrent-causation instruction permitted the jury to convict appellant if it found that she was intoxicated "by reason of the introduction of alcohol into her body" either "[o]perating alone or concurrently with another cause." The state further argued that "the only way" the jury could acquit appellant was that if it believed that only the unknown drug caused her intoxication.

[STATE]: Another thing I want to talk to you about is on page 3 of the charge,

and it's this paragraph that talks about—and you probably heard the Judge read it when you were wondering what was going on—and I'll read from the second paragraph, "Therefore, if you find from the evidence beyond a reasonable doubt that the intoxication of Adriane Otto would not have occurred but for the defendant's conduct"—that's going to be her driving the vehicle while intoxicated, as charged in the indictment.

We have charged in the indictment that she was intoxicated by the introduction of alcohol into her body. So that is her conduct as charged in the indictment. **Driving the vehicle while intoxicated by reason of the introduction of alcohol into her body. Operating alone or concurrently with another cause.**

The reason that this paragraph is in here is because of Ms. Otto's testimony. And if you listen to her testimony, she told you that she was driving and she doesn't remember anything. The only reason she might think that she wasn't intoxicated is because she didn't have an accident that night, but the reason she was in the condition she was in was because of some unknown substance that was in her body.

Now, it's in here if you need it. This paragraph is in here if you need it. This paragraph lends no credence to her testimony and this paragraph does not tell you that you have to believe what she was saying, **but it's in here in case there's an issue that arises that you might think that there was something else involved besides only alcohol.** That's why it's in here, and we need to be clear about that. It does not lend credence to what she said up there, because when I argue later, I don't believe a word of it, but it's here if you need it.

And what this paragraph also tells you is that in order to find her not guilty, you have to find that the conduct of the defendant, which is the driving while intoxicated by reason of the introduction of alcohol, was clearly insufficient. And by clearly insufficient means that it played no cause. That if you believe her, that all she had that night—

\* \* \*

That if you believe her, that all she had that night was two classes (sic) of wine and you believe that that was clearly insufficient because you believed her story, that she had been slipped a mickey that night, that is the only way that you can find her not guilty.

(Emphasis supplied).

The defense also expressed a belief that the concurrent-causation instruction permitted the jury to convict appellant if the jury believed that "alcohol was in any way responsible for her intoxication."

> [DEFENSE]: Well, ladies and gentlemen, I'm having an awfully hard time with this, because the indictment charged that the State had to prove beyond a reasonable doubt that Adriane Otto was intoxicated by the introduction of alcohol into her system and they put on evidence about what they think was the cause of the intoxication and we put on evidence about that (sic) we think the cause of the intoxication was an involuntary—some kind of drug got in her system and that was the reason she was not able to drive with the use of her normal mental and physical faculties, and that's the reason she was passed out in front of her ex-husband's house in Jersey Village when the police found her.

> Now, if I read this clause, this extra charge that has been included in the jury charge, it sounds like if you find that the alcohol was in any way responsible for her intoxication, then she is guilty. That you have got to find that the drugs are virtually the sole reason for her intoxication before you can find her guilty.

> Now, if that's the case, I don't believe they have proved beyond a reasonable doubt that she was intoxicated by the introduction of alcohol into her system. And I'm not real sure exactly what this particular part of the charge says, but let me proceed with my original closing argument.

(Emphasis supplied).

The court of appeals initially decided that the concurrent-causation instruction did not improperly expand on the allegations in the indictment. *See Otto v. State,* 141 S.W.3d 238, 239–41 (Tex.App.–San Antonio 2004). On discretionary review, we remanded the case to the court of appeal to reconsider its decision in light of our decision in *Gray v. State,* 152 S.W.3d 125 (Tex.Cr.App.2004). On remand, the court of appeals decided that the concurrent-causation instruction improperly expanded on the allegations in the indictment and thus allowed a "conviction on a theory not previously alleged." *See Otto v. State,* 211 S.W.3d 359, 362–63 (Tex.App.–San Antonio 2006). We granted review to decide whether this instruction improperly expanded on the allegations in the indictment.

In cases like this, in which the state alleges intoxication by alcohol alone and the defense claims it should win because the defendant ingested other intoxicating substances,[2] our case law estab-

---

**2.** *See Gray,* 152 S.W.3d at 132 (noting that it is an abuse of the criminal justice system to permit a defendant to "secure an acquittal merely by proving an alternative intoxicant")

lishes that a charge improperly expands on the allegations in the indictment when the charge defines intoxication in terms of whether "the defendant was intoxicated by a combination of unknown drugs and alcohol." *See Gray,* 152 S.W.3d at 130.[3] A charge does not, in these types of cases, improperly expand on the allegations in the indictment when the charge defines intoxication in terms of whether "the defendant [was] intoxicated with alcohol, either alone or in combination with a drug that made him more susceptible to alcohol." *See id.*[4] This latter charge is commonly referred to as a "synergistic effect" or "susceptibility" charge. *See Gray,* 152 S.W.3d at 128. Our decision in *Gray* can be read as approving of the statement that the "combination of liquor and drugs which would make an individual more susceptible to the influence of the liquor is in effect equivalent to intoxication by liquor alone." *See id.* (quoting *Heard v. State,* 665 S.W.2d 488, 490 (Tex.Cr.App.1984)).

The court of appeals decided that the concurrent-causation instruction improperly expanded on the allegations in the indictment because this instruction authorized a conviction under a "combination" theory. The court of appeals decided:

> Unlike *Sutton* and *Gray* the jury charge did not include a susceptibility theory. In *Gray* and *Sutton,* the jury charge permitted conviction if the ingestion of

drugs made the defendant more susceptible to being intoxicated by the charged intoxicant—alcohol. Here, the jury charge and instructions authorized the jury to find Otto guilty if it found her intoxicated by reason of (1) the introduction of alcohol into her body, the charged intoxicant, or (2) by the introduction of unknown drugs concurrently with alcohol—a combination theory. A jury's finding that Otto was intoxicated by reason of introduction of unknown drugs concurrently with alcohol does not mean—like in *Sutton* and *Gray*-that the jury found Otto intoxicated by alcohol alone. *Gray,* 152 S.W.3d at 133 (stating "[i]n both this case and in *Sutton,* the charge permitted conviction only if the drugs made the defendant more susceptible to the alcohol"). Much like in *Rodriguez, Gray* and *Sutton* are distinguishable in that the jury charge expands on the allegations set forth in the charging instrument. *See id.* ("The charge in *Rodriguez* did not put forth an 'additional susceptibility theory,' to the jury. It therefore 'improperly expanded on the allegations set forth in the information....' ").

*Otto,* 211 S.W.3d at 362–63.

We also believe that the concurrent-causation instruction, especially when considered with the state's closing jury arguments and its position at the charge conference, authorized appellant's conviction

and at 136 (Cochran, J., dissenting) (referring to this abuse of the criminal justice system as "Dickensian hair-splitting").

**3.** *See also Rodriguez v. State,* 18 S.W.3d 228, 229–32 (Tex.Cr.App.2000) (charge improperly expands allegations in charging instrument alleging intoxication by alcohol alone, when the charge defines intoxication as "introduction of alcohol, a drug, or a combination of both of those substances, into the body" and the application paragraph authorizes conviction if jury finds that defendant was intoxicat-

ed "by the reason of the introduction of a combination of unknown drugs and alcohol into his body").

**4.** *See also Sutton v. State,* 899 S.W.2d 682, 685 (Tex.Cr.App.1995) (plurality op.) (charge does not improperly expand allegations in charging instrument when it defines intoxication as introduction of "alcohol, either alone or in combination with a drug that ma[k]e[s] [the defendant] more susceptible to the alcohol").

under a "combination" theory. *See Gray,* 152 S.W.3d at 130; *Otto,* 141 S.W.3d at 241–45 (Angelini, J., dissenting).[5] While this instruction was responsive to the defensive theory that appellant's intoxication was caused solely by an unknown drug, it still authorized the jury to convict if it rejected this theory but still found that appellant's intoxication was caused by a combination of alcohol and the unknown drug.[6] Nothing in this instruction or any other part of the charge authorized the jury to convict appellant upon a finding that a combination of alcohol and the unknown drug made appellant more susceptible to the alcohol as required by *Gray,* 152 S.W.3d at 130. We, therefore, decide that this instruction improperly expanded

on the allegations in the indictment. *See id.*

The dissenting opinion claims that the concurrent-causation instruction was proper because it contains a "but-for" limitation, meaning that the jury could not have convicted appellant unless it found that she would not have become intoxicated "but-for" the ingestion of alcohol. *See* Dissenting op. at 176.[7] The dissenting opinion further claims that the "but-for" limitation in the concurrent-causation instruction distinguishes this case from our "combination" instruction cases such as *Rodriguez,* because a "combination" instruction does not contain a "but-for" limitation. *See* Dissenting op. at 176 ("combination" instruction is improper because it does not include any "but-for" limitation).[8]

5. The state seems to concede as much in its brief where it argues:

> **While it is true that the instruction authorized [appellant's] conviction on a combination theory,** it only did so if alcohol was a "but for" cause of her intoxication. Moreover, the instruction forbade the jury to convict [appellant] if the combination of Rohypnol or another drug and alcohol was such that the effect of alcohol, standing alone, was insufficient to cause her intoxication.

(Emphasis supplied).

6. We agree with the state that the concurrent causation instruction was responsive to appellant's defense "that, if she had been intoxicated, only the drug she unknowingly ingested—not alcohol—caused her intoxication." This defense, however, could have been presented in the charge without also authorizing the jury to convict on a "combination" theory.

7. The dissenting opinion further claims that the "synergistic effect" and "susceptibility" instructions also implicitly contain this "but-for" limitation. *See id.* We agree that all three of these instructions (the concurrent-causation, the synergistic effect, and the susceptibility instructions) would not permit a jury to convict in cases like this without finding that the defendant would not have become intoxicated "but-for" the ingestion of alcohol.

8. According to the dissenting opinion, a "combination" instruction does not contain a "but-for" limitation and is, therefore, improper, because a jury could improperly find that a combination of alcohol (when the State alleged alcohol) and an unknown drug caused intoxication even though the alcohol was clearly insufficient by itself to cause intoxication. *See* Dissenting op. at 176. It is not apparent to us that a jury can make such a finding under a "combination" portion of an instruction that defines intoxication as the "introduction of alcohol, a drug, or a combination of both of those substances, into the body." *See Rodriguez,* 18 S.W.3d at 229–32. Contrary to the claim made in the dissenting opinion, the "combination" portion of this instruction (defining intoxication as "a combination of both of those substances") seems also to contain an implicit "but-for" limitation (i.e., this "combination" instruction would not authorize a jury to convict if the jury believed that the alcohol was clearly insufficient by itself to cause intoxication).

An instruction like the one in *Rodriguez* might authorize a conviction even though the alcohol was clearly insufficient by itself to cause intoxication. But it is the "introduction of alcohol, a drug" portion of the charge that would accomplish this, not the "combination of both of those substances" portion of the charge.

This, however, is beside the point. Even though the concurrent-causation instruction in this case contains a "but-for" limitation and would not authorize a conviction if the jury found that the wine appellant drank was clearly insufficient to cause her intoxication, this concurrent-causation instruction also authorized the jury to convict if it found that appellant's intoxication was caused by appellant's ingestion of alcohol "operating either alone or concurrently with another cause." [9] This, and not any "but-for" considerations, is what brings this case within the "combination" instruction cases such as *Rodriguez.*[10] The dissenting opinion seems to recognize as much when it asserts that, as the "concurrent causation (sic) instruction was applied to this case," the State could have proved that "alcohol plus something else—anything else-working together[11] caused [appellant's] intoxication." *See* Dissenting op. at 175–76; *compare Rodriguez*, 18 S.W.3d at 229–32 (jury instruction is improper "combination" instruction and improperly expands indictment allegation of intoxication by alcohol by defining intoxi-

cation as the "introduction of alcohol, a drug, or a combination of both of those substances, into the body").[12]

The judgment of the court of appeals is affirmed.

WOMACK, J., concurred.

COCHRAN, J., filed a dissenting opinion in which HOLCOMB, J., joined.

KELLER, P.J., not participating.

COCHRAN, J., dissenting in which HOLCOMB, J., joined.

I respectfully dissent. I think that the trial court correctly included a statutory jury instruction on concurrent causation in this DWI case. That instruction appropriately deals with cases in which the defendant is charged with being intoxicated on one substance, such as alcohol, and defends himself by asserting that he was intoxicated on some substance other than the one pled by the State.

---

9. In relevant part, the concurrent-causation instruction in this case instructed the jury to convict if it found that "the intoxication of [appellant] would not have occurred but for [appellant's] conduct, as charged in the indictment, operating either alone or concurrently with another cause[.]" As applied to this case, this instructed the jury to convict appellant if her intoxication would not have occurred but for the introduction of "alcohol, operating either alone or concurrently with another drug." *See also* Footnote 1. There is no substantive difference between this instruction and the one in *Rodriguez* that defined intoxication as the introduction of a "combination of both [alcohol and a drug]."

10. The record of the charge conference and the closing jury arguments also reflects that this is how the parties viewed the concurrent-causation instruction as well.

11. We note that the phrase "working together" is arguably synonymous with "combine"

or "combination." *See* Roget's Desk Thesaurus at 98 (2001) ("bring together" and "put together" are synonymous with "combine").

12. The jury could have given effect to appellant's defense in the application paragraph of that part of the charge authorizing the jury to convict appellant if it found that she was intoxicated "by the reason of the introduction of alcohol into his (sic) body." A concurrent-causation instruction was not even necessary to present the defense that something else, and not the alcohol, caused appellant's intoxication. In addition, with DWI not being a result-oriented offense, a concurrent-causation instruction arguably is not even appropriate to the issue of what causes a person's intoxication, as explained in footnote 13 of the dissenting opinion. *See* Dissenting op. at 175 n. 13. It, therefore, would further appear that the State improperly expanded the allegations in the indictment when it requested and received an instruction that was not even appropriate for the case.

The court of appeals, in its first decision in this case, reached the right result for the right reason.[1] Unfortunately, we confused that court by granting the defendant's petition for discretionary review and remanding the case for reconsideration in light of *Gray v. State*, 152 S.W.3d 125 (Tex.Crim.App.2004).[2] It was only in their second opinion that the court of appeals went astray.[3] We should reaffirm the reasoning and result in their first opinion.

The evidence at trial showed that a patrol officer saw appellant's van stopped on the side of the road at 1:45 a.m. on a January morning. The engine was running, and the headlights were on. Appellant was asleep behind the driver's wheel, slouched back with her shirt off. The officer smelled alcohol and tried to shake appellant awake, but he was unsuccessful. Another officer arrived, and the two were then able to awaken appellant with a "sternum-rub." She was startled, and she yelled and cursed at them. The officers asked her to put her shirt on and to get out of the van. She was "very unsteady and confused." The officer performed an HGN test which indicated that she was intoxicated. She refused to perform any field sobriety tests or to submit a breath sample. Her breath smelled of alcohol, and she told the officers that she "had a lot to drink" earlier in the evening. The officers arrested her and charged her with felony DWI.

Appellant testified that she had two glasses of Merlot with dinner. She said that she stopped at a sports bar on her way home and met a man named Phil Jones. She testified that he was drinking beer, but she ordered a Coke. After going to the restroom, she decided to go home, but as she and Phil Jones walked out of the door, she suddenly started "feeling sick" and thought that she "had eaten something bad at dinner." Phil Jones walked her to the van and helped her get into it. Then he got in the passenger side and started kissing her and tugging at her clothes. She yelled and cursed at him, and he got out of the van. She said that she started to drive home and "that's basically the last thing I remember." She admitted that she never told the officers that she had been assaulted and stated that she did not realize until the next day that she believed that Phil Jones may have drugged her, suggesting Rohypnol as a possible drug, although she did not know anything about that drug.

Because appellant claimed that something other than alcohol had caused her intoxication, the State requested that the trial judge instruct the jury on concurrent causation under Section 6.04(a).[4] He did so with the following instruction:

A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

Therefore if you find from the evidence beyond a reasonable doubt that

---

1. *Otto v. State*, 141 S.W.3d 238 (Tex.App.–San Antonio 2004, pet. granted).

2. *Otto v. State*, 173 S.W.3d 70 (Tex.Crim.App. 2005).

3. *Otto v. State*, 211 S.W.3d 359 (Tex.App.–San Antonio 2006, pet. granted).

4. TEX. PENAL CODE § 6.04(a). That statute provides:

    A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

the intoxication of [appellant] would not have occurred but for [appellant's] conduct, as charged in the indictment, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the [appellant] clearly insufficient, you will find the [appellant] criminally responsible. Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will find the [appellant] not criminally responsible and say by your verdict "Not Guilty."

The jury found appellant guilty of felony DWI, and the trial court sentenced her to four years' imprisonment.

In the court of appeals, appellant claimed that the trial court erred in submitting a jury instruction on concurrent causation under Section 6.04(a). She argued that any concurrent-causation instruction permits a jury to convict the defendant on a theory not alleged in the indictment. The court of appeals, in its original opinion, rightly rejected this argument.[5]

Her argument, if accepted, would imply that no concurrent-causation instruction should ever be given in any case unless it was pled in the indictment because it would always "permit a jury to convict the defendant on a theory not alleged in the indictment." That is legally and logically incorrect. And this Court explicitly rejected the contention that an allegation concerning concurrent causation must be set out in the indictment in *Dowden v. State*.[6]

This Court explained Section 6.04(a) and the concept of concurrent causation in *Robbins v. State*,[7] a manslaughter case pivoting on whether the defendant's intoxication or his exhaustion caused the fatal accident. We held that Section 6.04(a) requires a "but for" causal link between the defendant's conduct and the resulting "harm."[8]

> If concurrent causes are present, two possible combinations exist to satisfy the "but for" requirement: (1) the defendant's conduct may be sufficient by itself to have caused the harm, regardless of the existence of a concurrent cause; or (2) the defendant's conduct and the other cause *together* may be sufficient to have caused the harm. However, § 6.04(a) further defines and limits the "but for" causality for concurrent causes by the last phrase, "unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." If the additional cause, other than the defendant's conduct, is clearly sufficient, by itself, to produce the result *and* the defendant's

---

**5.** *Otto*, 141 S.W.3d at 239–40. The court explained that the jury instruction did not authorize an alternative means of conviction, and it did not offer the jury the option to choose between intoxication by alcohol alone or intoxication by drugs and alcohol. Instead, the instruction added a clarification regarding Otto's culpability, allowing the jury to find her responsible for her actions only if the resultant intoxication "would not have occurred but for [her] conduct," whether taken alone or in conjunction with another cause. The charge also added a defense, mandating that the jury could not convict Otto if her actions, alone, were clearly insuffi-

cient to have caused her intoxication and the concurrent cause, alone, was clearly sufficient to have caused it.

> *Id.*

**6.** 758 S.W.2d 264, 274 (Tex.Crim.App.1988) (rejecting defendant's contention that Section 6.04(a) must be alleged in the indictment as a theory that the State may rely upon at trial and in the jury charge).

**7.** 717 S.W.2d 348 (Tex.Crim.App.1986).

**8.** *Id.* at 351.

conduct, by itself, is clearly insufficient, then the defendant cannot be convicted.[9]

The purpose of a statutory concurrent-causation instruction is to ensure that the issue of actual causation meets the "but for" or *sine qua non* test.[10] The term *sine qua non* literally means "without which not." Thus, "[w]ithout this, that would not be; but for one thing, another would not have happened; had not the defendant fired the shot, the deceased would still be alive." [11]

The classic example of concurrent causation is the murder-victim scenario involving two different people using two separate weapons and acting independently. Suppose, for example, Betty the bank teller is stabbed in the back by Robber Switchblade and then shot by Robber Revolver. If both wounds were fatal, both Switchblade and Revolver are guilty of murder. If Switchblade's stab wound was a mere superficial scratch and Betty never would have died of that wound alone, Revolver's concurrent act of shooting her is the sole cause of death, and only Revolver is criminally liable. On the other hand, if Switchblade's stabbing severed Betty's spinal cord and was sufficient, by itself, to cause her death, while Revolver's shot only grazed her forehead, only Switchblade is criminally liable. Alternatively, if neither wound, by itself, was fatal, but Switchblade's and Revolver's acts, in combination, caused Betty's death, then both are liable. And, finally, if neither wound was sufficient to cause death, and Betty's death was actually caused by an entirely different person or mechanism—she was accidentally electrocuted by responding paramedics—then neither Revolver nor Switchblade is liable for causing Betty's death (though they would be liable for other offenses).[12]

The focus of the concurrent-causation requirement in Section 6.04(a) is this "but for" causation: "But for" Switchblade's act Betty would still be alive, or "but for" Revolver's act Betty would still be alive, regardless of whether the sole act of either of them was sufficient by itself.

As the statutory concurrent-causation instruction was applied to this case,[13] the State was required to prove that "but for" drinking alcohol, appellant would not have been intoxicated. It could prove that alco-

9. *Id.*

10. *See generally*, ROLLIN M. PERKINS & RONALD N. BOYCE, CRIMINAL LAW 772 (3d ed., 1982).

11. *Id.* (footnotes omitted).

12. Professors Perkins and Boyce explain the four possibilities in this way:
   (1) The death was due entirely to other causes and these injuries did not either singly or in combination shorten the life of the deceased. (2) One injury caused the death, whereas the other had nothing whatever to do with the loss of life,—as if one resulted in severing the head from the body and the other was a relatively harmless flesh wound in the arm. (3) Both wounds were rather serious, but whereas the deceased would have recovered from either one alone, the two in combination resulted in death. (4) Each injury was such that it alone would have been instantly fatal.
   *Id.*

13. Generally, a concurrent-causation instruction is given in a result-oriented offense, such as murder, aggravated assault, injury to a child, etc. However, the parties in this case have made no claim that a concurrent-cause instruction is inappropriate to the issue of what caused a person's intoxication. Intoxication is, after all, the result of the introduction of something that causes a person to lose the normal use of his mental or physical faculties. TEX. PENAL CODE § 49.01(2)(A) (Intoxication means "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body").

hol was the sole cause of her intoxication or that alcohol plus something else—anything else—working together caused her intoxication. But if the jury found that something else—Rohypnol, cocaine, cough medicine, M & Ms—made her intoxicated and that the wine she drank was clearly insufficient to cause her intoxication, then it must acquit. In its original opinion, the court of appeals correctly set out the issue:

> If a concurrent cause is present, there are two possible ways in which this "but for" requirement may be satisfied: (1) the defendant's conduct may be sufficient, by itself, to have caused the result notwithstanding any concurrent cause; or (2) the defendant's conduct and a concurrent cause together may be sufficient to have caused the result. In spite of these possibilities, a jury may not convict a defendant if the concurrent cause alone is clearly sufficient to produce the result *and* the defendant's conduct alone is clearly insufficient.[14]

The reason that a concurrent-cause instruction under Section 6.04(a) is proper, while a straight "combination" instruction is legally incorrect, is because a "combination" instruction does not include any "but for" limitation. Under a pure "combination" instruction, a jury could improperly find that the combination of half a glass of wine (when the State alleged alcohol) and fifteen marihuana cig-

arettes caused the defendant's intoxication, even though the wine was clearly insufficient by itself to cause intoxication.[15] The so-called "synergistic effect" or "susceptibility" instruction requires "but for" causation because there "the combination of liquor and drugs which would make an individual more susceptible to the influence of the liquor is in effect equivalent to intoxication by liquor alone."[16] These "synergistic effect" and "susceptibility" instructions contain an implicit "but for" limitation, and require the jury to find that the defendant would not have become intoxicated "but for" the ingestion of alcohol. The other substances merely have the effect of increasing the level or degree of intoxication caused by alcohol. In sum, a straight "combination" instruction improperly expands the allegations in the charging instrument from alcohol to alcohol and whatever other substance the evidence shows;[17] a concurrent-causation, synergistic effect, or susceptibility instruction does not.

The present instruction, submitted as it was in the general words of the statute, is also a vast improvement upon the instruction in either *Gray* or *Sutton* because it does not pluck out certain evidence for special mention and is not a comment on the weight of any evidence.[18] It simply,

---

**14.** *Otto,* 141 S.W.3d at 240 (citing *Marvis v. State,* 36 S.W.3d 878, 881 (Tex.Crim.App. 2001); *Robbins,* 717 S.W.2d at 351; *Medina v. State,* 962 S.W.2d 83, 86 (Tex.App.–Houston [1st Dist.] 1997, pet. ref'd)).

**15.** *See Rodriguez v. State,* 18 S.W.3d 228, 229–32 (Tex.Crim.App.2000).

**16.** *See Gray v. State,* 152 S.W.3d 125, 128 (Tex.Crim.App.2004); *Sutton v. State,* 899 S.W.2d 682, 685 (Tex.Crim.App.1995) (plurality op.).

**17.** *Rodriguez,* 18 S.W.3d at 229–32 (jury instruction improperly expanded indictment al-

legation of intoxication by alcohol when it defined intoxication as the "introduction of alcohol, a drug, or a combination of both of those substances, into the body" and authorized conviction for any such combination).

**18.** *See Brown v. State,* 122 S.W.3d 794, 799 (Tex.Crim.App.2003) ("Texas courts are forbidden from instructing the jury on any presumption or evidentiary sufficiency rule that does not have a statutory basis."); *Atkins v. State,* 990 S.W.2d 763, 765–68 (Tex.App.–Austin 1999, pet. ref'd). In *Atkins,* the court of appeals held that the following instruction in

but clearly, explained to the jury the concept of concurrent causation in its statutory terms. It did not even mention the word alcohol, Rohypnol, or any other substance. It was a "plain-vanilla" instruction.[19] Jury instructions that are based on the specific language of a statute do not constitute a comment on the weight of the evidence.

In sum, I think that this is precisely the right statutory instruction to give the jury when the defense to a DWI charge is that "I was intoxicated all right, but not on the substance that you pled in the indictment." It is simple, purely statutory, and does not comment on the evidence. The advocates then have free rein to talk about common sense, combinations of substances, "but for" causation, and synergistic effects. I therefore respectfully dissent to the majority's conclusion that the trial judge erred in giving what I think is the perfect concurrent cause (a.k.a. "susceptibility" or "synergistic effect") instruction.

a DWI case was an improper comment on the evidence:

> You are instructed that if a Defendant allows his physical condition to deteriorate to such an extent that he thereby makes himself more susceptible to the influence of alcohol than he otherwise would have been and *by reason thereof he becomes intoxicated by the introduction of alcohol into his body,*

he would be in the same position as though his intoxication, if any, was produced by the use of alcohol alone and you find facts of the foregoing beyond a reasonable doubt. *Id.* at 765.

19. *See Otto*, 173 S.W.3d at 71 (Cochran, J., concurring).