

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1311-06

**ADRIANE ELAINE OTTO, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### HARRIS COUNTY

COCHRAN, J., filed a dissenting opinion in which HOLCOMB, J., joined.

### O P I N I O N

I respectfully dissent. I think that the trial court correctly included a statutory jury instruction on concurrent causation in this DWI case. That instruction appropriately deals with cases in which the defendant is charged with being intoxicated on one substance, such as alcohol, and defends himself by asserting that he was intoxicated on some substance other than the one pled by the State.

The court of appeals, in its first decision in this case, reached the right result for the

right reason.[1] Unfortunately, we confused that court by granting the defendant's petition for discretionary review and remanding the case for reconsideration in light of *Gray v. State*, 152 S.W.3d 125 (Tex. Crim. App. 2004).[2] It was only in their second opinion that the court of appeals went astray.[3] We should reaffirm the reasoning and result in their first opinion.

The evidence at trial showed that a patrol officer saw appellant's van stopped on the side of the road at 1:45 a.m. on a January morning. The engine was running, and the headlights were on. Appellant was asleep behind the driver's wheel, slouched back with her shirt off. The officer smelled alcohol and tried to shake appellant awake, but he was unsuccessful. Another officer arrived, and the two were then able to awaken appellant with a "sternum-rub." She was startled, and she yelled and cursed at them. The officers asked her to put her shirt on and to get out of the van. She was "very unsteady and confused." The officer performed an HGN test which indicated that she was intoxicated. She refused to perform any field sobriety tests or to submit a breath sample. Her breath smelled of alcohol, and she told the officers that she "had a lot to drink" earlier in the evening. The officers arrested her and charged her with felony DWI.

Appellant testified that she had two glasses of Merlot with dinner. She said that she stopped at a sports bar on her way home and met a man named Phil Jones. She testified that

---

[1] *Otto v. State*, 141 S.W.3d 238 (Tex. App.—San Antonio 2004, pet. granted).

[2] *Otto v. State*, 173 S.W.3d 70 (Tex. Crim. App. 2005).

[3] *Otto v. State*, 211 S.W.3d 359 (Tex. App.—San Antonio 2006, pet. granted).

he was drinking beer, but she ordered a Coke.  After going to the restroom, she decided to go home, but as she and Phil Jones walked out of the door, she suddenly started "feeling sick" and thought that she "had eaten something bad at dinner."  Phil Jones walked her to the van and helped her get into it.  Then he got in the passenger side and started kissing her and tugging at her clothes.  She yelled and cursed at him, and he got out of the van.  She said that she started to drive home and "that's basically the last thing I remember."  She admitted that she never told the officers that she had been assaulted and stated that she did not realize until the next day that she believed that Phil Jones may have drugged her, suggesting Rohypnol as a possible drug, although she did not know anything about that drug.

Because appellant claimed that something other than alcohol had caused her intoxication, the State requested that the trial judge instruct the jury on concurrent causation under Section 6.04(a).[4]  He did so with the following instruction:

> A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.
> Therefore if you find from the evidence beyond a reasonable doubt that the intoxication of [appellant] would not have occurred but for [appellant's] conduct, as charged in the indictment, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the [appellant] clearly insufficient, you will find the [appellant] criminally responsible.  Unless you so find beyond a

---

[4]TEX. PENAL CODE § 6.04(a).  That statute provides:
A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient.

reasonable doubt, or if you have a reasonable doubt thereof, you will find the [appellant] not criminally responsible and say by your verdict "Not Guilty."

The jury found appellant guilty of felony DWI, and the trial court sentenced her to four years' imprisonment.

In the court of appeals, appellant claimed that the trial court erred in submitting a jury instruction on concurrent causation under Section 6.04(a). She argued that any concurrent-causation instruction permits a jury to convict the defendant on a theory not alleged in the indictment. The court of appeals, in its original opinion, rightly rejected this argument.[5]

Her argument, if accepted, would imply that no concurrent-causation instruction should ever be given in any case unless it was pled in the indictment because it would always "permit a jury to convict the defendant on a theory not alleged in the indictment." That is legally and logically incorrect. And this Court explicitly rejected the contention that an allegation concerning concurrent causation must be set out in the indictment in *Dowden v. State*.[6]

---

[5] *Otto*, 141 S.W.3d at 239-40. The court explained that the jury instruction did not authorize an alternative means of conviction, and it did not offer the jury the option to choose between intoxication by alcohol alone or intoxication by drugs and alcohol. Instead, the instruction added a clarification regarding Otto's culpability, allowing the jury to find her responsible for her actions only if the resultant intoxication "would not have occurred but for [her] conduct," whether taken alone or in conjunction with another cause. The charge also added a defense, mandating that the jury could not convict Otto if her actions, alone, were clearly insufficient to have caused her intoxication and the concurrent cause, alone, was clearly sufficient to have caused it. *Id*.

[6] 758 S.W.2d 264, 274 (Tex. Crim. App. 1988) (rejecting defendant's contention that Section 6.04(a) must be alleged in the indictment as a theory that the State may rely upon at trial

This Court explained Section 6.04(a) and the concept of concurrent causation in

*Robbins v. State*,[7] a manslaughter case pivoting on whether the defendant's intoxication or

his exhaustion caused the fatal accident.  We held that Section 6.04(a) requires a "but for"

causal link between the defendant's conduct and the resulting "harm."[8]

> If concurrent causes are present, two possible combinations exist to satisfy the "but for" requirement:  (1) the defendant's conduct may be sufficient by itself to have caused the harm, regardless of the existence of a concurrent cause; or (2) the defendant's conduct and the other cause *together* may be sufficient to have caused the harm.  However, § 6.04(a) further defines and limits the "but for" causality for concurrent causes by the last phrase, "unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient."  If the additional cause, other than the defendant's conduct, is clearly sufficient, by itself, to produce the result *and* the defendant's conduct, by itself, is clearly insufficient, then the defendant cannot be convicted.[9]

The purpose of a statutory concurrent-causation instruction is to ensure that the issue

of actual causation meets the "but for" or *sine qua non* test.[10]  The term *sine qua non* literally

means "without which not."  Thus, "[w]ithout this, that would not be; but for one thing,

another would not have happened; had not the defendant fired the shot, the deceased would

---

and in the jury charge).

[7] 717 S.W.2d 348 (Tex. Crim. App. 1986).

[8] *Id*. at 351.

[9] *Id*.

[10] *See generally*, ROLLIN M. PERKINS & RONALD N. BOYCE, CRIMINAL LAW 772 (3d ed., 1982).

still be alive."[11]

The classic example of concurrent causation is the murder-victim scenario involving two different people using two separate weapons and acting independently. Suppose, for example, Betty the bank teller is stabbed in the back by Robber Switchblade and then shot by Robber Revolver. If both wounds were fatal, both Switchblade and Revolver are guilty of murder. If Switchblade's stab wound was a mere superficial scratch and Betty never would have died of that wound alone, Revolver's concurrent act of shooting her is the sole cause of death, and only Revolver is criminally liable. On the other hand, if Switchblade's stabbing severed Betty's spinal cord and was sufficient, by itself, to cause her death, while Revolver's shot only grazed her forehead, only Switchblade is criminally liable. Alternatively, if neither wound, by itself, was fatal, but Switchblade's and Revolver's acts, in combination, caused Betty's death, then both are liable. And, finally, if neither wound was sufficient to cause death, and Betty's death was actually caused by an entirely different person or mechanism–she was accidentally electrocuted by responding paramedics–then neither Revolver nor Switchblade is liable for causing Betty's death (though they would be liable for other offenses).[12]

---

[11] *Id*. (footnotes omitted).

[12] Professors Perkins and Boyce explain the four possibilities in this way:
(1) The death was due entirely to other causes and these injuries did not either singly or in combination shorten the life of the deceased. (2) One injury caused the death, whereas the other had nothing whatever to do with the loss of life,–as if one resulted in severing the head from the body and the other was a relatively harmless flesh wound in the arm. (3) Both wounds were rather serious, but

The focus of the concurrent-causation requirement in Section 6.04(a) is this "but for" causation: "But for" Switchblade's act Betty would still be alive, or "but for" Revolver's act Betty would still be alive, regardless of whether the sole act of either of them was sufficient by itself.

As the statutory concurrent-causation instruction was applied to this case,[13] the State was required to prove that "but for" drinking alcohol, appellant would not have been intoxicated. It could prove that alcohol was the sole cause of her intoxication or that alcohol plus something else–anything else–working together caused her intoxication. But if the jury found that something else–Rohypnol, cocaine, cough medicine, M&Ms–made her intoxicated and that the wine she drank was clearly insufficient to cause her intoxication, then it must acquit. In its original opinion, the court of appeals correctly set out the issue:

> If a concurrent cause is present, there are two possible ways in which this "but for" requirement may be satisfied: (1) the defendant's conduct may be sufficient, by itself, to have caused the result notwithstanding any concurrent cause; or (2) the defendant's conduct and a concurrent cause together may be sufficient to have caused the result. In spite of these possibilities, a jury may

> whereas the deceased would have recovered from either one alone, the two in combination resulted in death. (4) Each injury was such that it alone would have been instantly fatal.

*Id*.

[13] Generally, a concurrent-causation instruction is given in a result-oriented offense, such as murder, aggravated assault, injury to a child, etc. However, the parties in this case have made no claim that a concurrent-cause instruction is inappropriate to the issue of what caused a person's intoxication. Intoxication is, after all, the result of the introduction of something that causes a person to lose the normal use of his mental or physical faculties. TEX. PENAL CODE § 49.01(2)(A) (Intoxication means "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body").

not convict a defendant if the concurrent cause alone is clearly sufficient to produce the result *and* the defendant's conduct alone is clearly insufficient.[14]

The reason that a concurrent-cause instruction under Section 6.04(a) is proper, while a straight "combination" instruction is legally incorrect, is because a "combination" instruction does not include any "but for" limitation. Under a pure "combination" instruction, a jury could improperly find that the combination of half a glass of wine (when the State alleged alcohol) and fifteen marihuana cigarettes caused the defendant's intoxication, even though the wine was clearly insufficient by itself to cause intoxication.[15] The so-called "synergistic effect" or "susceptibility" instruction requires "but for" causation because there "the combination of liquor and drugs which would make an individual more susceptible to the influence of the liquor is in effect equivalent to intoxication by liquor alone."[16] These "synergistic effect" and "susceptibility" instructions contain an implicit "but for" limitation, and require the jury to find that the defendant would not have become intoxicated "but for" the ingestion of alcohol. The other substances merely have the effect of increasing the level or degree of intoxication caused by alcohol. In sum, a straight "combination" instruction improperly expands the allegations in the charging instrument

---

[14] *Otto*, 141 S.W.3d at 240 (citing *Marvis v. State*, 36 S.W.3d 878, 881 (Tex. Crim. App. 2001); *Robbins*, 717 S.W.2d at 351; *Medina v. State*, 962 S.W.2d 83, 86 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd)).

[15] *See Rodriguez v. State*, 18 S.W.3d 228, 229-32 (Tex. Crim. App. 2000).

[16] *See Gray v. State*, 152 S.W.3d 125, 128 (Tex. Crim. App. 2004); *Sutton v. State*, 899 S.W.2d 682, 685 (Tex. Crim. App. 1995) (plurality op.).

from alcohol to alcohol and whatever other substance the evidence shows;[17] a concurrent-causation, synergistic effect, or susceptibility instruction does not.

The present instruction, submitted as it was in the general words of the statute, is also a vast improvement upon the instruction in either *Gray* or *Sutton* because it does not pluck out certain evidence for special mention and is not a comment on the weight of any evidence.[18]  It simply, but clearly, explained to the jury the concept of concurrent causation in its statutory terms.  It did not even mention the word alcohol, Rohypnol, or any other substance.  It was a "plain-vanilla" instruction.[19]  Jury instructions that are based on the specific language of a statute do not constitute a comment on the weight of the evidence.

In sum, I think that this is precisely the right statutory instruction to give the jury when the defense to a DWI charge is that "I was intoxicated all right, but not on the substance that

---

[17] *Rodriguez*, 18 S.W.3d at 229-32 (jury instruction improperly expanded indictment allegation of intoxication by alcohol when it defined intoxication as the "introduction of alcohol, a drug, or a combination of both of those substances, into the body" and authorized conviction for any such combination).

[18] *See Brown v. State*, 122 S.W.3d 794, 799 (Tex. Crim. App. 2003) ("Texas courts are forbidden from instructing the jury on any presumption or evidentiary sufficiency rule that does not have a statutory basis."); *Atkins v. State*, 990 S.W.2d 763, 765-68 (Tex. App.—Austin 1999, pet. ref'd).  In *Atkins*, the court of appeals held that the following instruction in a DWI case was an improper comment on the evidence:

> You are instructed that if a Defendant allows his physical condition to deteriorate to such an extent that he thereby makes himself more susceptible to the influence of alcohol than he otherwise would have been and *by reason thereof he becomes intoxicated by the introduction of alcohol into his body*, he would be in the same position as though his intoxication, if any, was produced by the use of alcohol alone and you find facts of the foregoing beyond a reasonable doubt.

*Id.* at 765.

[19] *See Otto*, 173 S.W.3d at 71 (Cochran, J., concurring).

you pled in the indictment." It is simple, purely statutory, and does not comment on the evidence. The advocates then have free rein to talk about common sense, combinations of substances, "but for" causation, and synergistic effects. I therefore respectfully dissent to the majority's conclusion that the trial judge erred in giving what I think is the perfect concurrent cause (a.k.a. "susceptibility" or "synergistic effect") instruction.

Filed:   February 6, 2008

Publish